ROBERT J. DEAN and Others, Respondents, *v.* AUGUST MARSCHALL
and Others, Appellants.

*Stipulation* — "*final judgment,*" *synonymous with* "*final determination of an
action.*"

In an action brought in 1893 to recover moneys alleged to be due under a stipula-
tion, it appeared that certain casks of brandy were stored with the plaintiffs,
comprising the firm of R. J. Dean & Co., and were claimed by them, and by the
defendants, the firm of Marschall, Spellman & Co., and also by the defendant,
the First National Bank of Chicago, which had begun a suit in 1890 in the
Superior Court of the city of New York against R. J. Dean & Co., to recover
their value; that thereafter, in 1891, during the pendency of said last-mentioned
action, the stipulation in question was entered into between R. J. Dean
& Co. and Marschall, Spellman & Co., which provided, first, that the lat-
ter should at once pay the government tax upon the brandy, and, further, that
if R. J. Dean & Co. were defeated at the first trial upon its merits of the
action of the First National Bank of Chicago against them, Marschall, Spell-
man & Co. should have an election to pay the judgment and take possession
of the brandy; but that if they did not so elect, and R. J. Dean & Co. appealed,
the goods should then be sold for joint account, and the proceeds thereof (less
the amount of the government tax, to be repaid to Marschall, Spellman & Co.),
should be deposited in some trust company "to await the final determination
of the action." That if the "final judgment" against R. J. Dean & Co.
should be less than $1,750, Marschall, Spellman & Co. should pay the judg-
ment, and take either the brandy or the proceeds. That if the "final judg-
ment" was more than $1,750, and Marschall, Spellman & Co. elected not to pay
it, R. J. Dean & Co. should refund the tax paid upon the brandy by Marschall,
Spellman & Co., and that the latter should release and assign to R. J. Dean
& Co. all their right to the brandy, and also the warehouse receipts issued
upon it.

The action in the Superior Court resulted in a judgment against R. J. Dean &
Co. for the sum of $1,742.38. Marschall, Spellman & Co. did not elect to take
the brandy, but paid the tax thereon, and sold the brandy; the proceeds less
the tax were deposited upon joint account in a trust company. R. J. Dean
& Co. appealed from the judgment, and upon a remittitur from the Court of
Appeals a judgment of affirmance was entered against R. J. Dean & Co. for
$1 984.21.

R. J. Dean & Co., claiming that the judgment entered upon the trial of the
action in the Superior Court for $1,742.38, was the "final judgment" referred
to in the stipulation, demanded of Marschall, Spellman & Co. payment of the
original judgment, and of one-half of the counsel fees and expenses of the
trial, which the latter refused to pay, claiming that the judgment entered upon
the remittitur, and which was for more than $1,750, was the "final judgment."
Upon an appeal from a judgment in favor of the plaintiffs,

*Held,* that the expression "final judgment," as used in the stipulation, was synonymous with the expression "final determination of the action," occurring earlier in the stipulation, and that such determination was not reached until the matter was finally decided in the Court of Appeals.

APPEAL by the defendants, August Marschall and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 24th day of April, 1895, upon the decision of the court rendered after a trial at the New York Circuit before the court without a jury.

The plaintiffs and defendants both being interested in certain casks of brandy stored in bonded warehouse, and the brandy being also claimed by the First National Bank of Chicago, which had begun a suit for the value thereof in the Superior Court, the following stipulation was entered into :

"FIRST NATIONAL BANK, *Plaintiff,*

*vs.*

R. J. DEAN & COMPANY, *Defendants.*

*Stipulation.*

"WHEREAS, R. J. Dean & Company and Marschall, Spellman & Company are both interested in the result of the above-entitled action, and are also interested that the twenty barrels of brandy involved herein should not be forfeited to the government for non-payment of tax, and that the United States government have threatened to forfeit said brandy unless said tax is paid immediately.

"*Now, therefore,* in consideration of the foregoing recital and one dollar ($1) in hand paid by each of the parties to the other, it is understood, agreed and promised by and between the subscribers hereto as follows :

"*First.* That Marschall, Spellman & Co. will pay the United States government tax on the twenty barrels of brandy stored with R. J. Dean & Co., in bonded warehouse, promptly on the execution of this agreement.

"*Second.* That in the event that R. J. Dean & Co. are defeated at the first trial of this action on its merits, then, and in that event, Marschall, Spellman & Co. shall have the election to pay the judgment and have possession of the brandy.

" That in the event that Marschall, Spellman & Co. shall not elect to pay said judgment and take said brandy, and R. J. Dean & Co. shall elect to take an appeal, that then, and in that event, the goods shall be sold on joint account and consent by both parties, and the proceeds thereof, less the amount paid for government tax, shall be deposited in some trust company to await the final determination of the action, and the amount of said government tax shall be repaid to Marschall, Spellman & Co.

" That in the event that the final judgment against R. J. Dean & Co. shall be less than seventeen hundred and fifty dollars ($1,750), that Marschall, Spellman & Co. shall pay the judgment and take either the brandy or the proceeds.

" That in the event that final judgment shall be more than seventeen hundred and fifty dollars ($1,750), and Marschall, Spellman & Co. shall elect not to pay said judgment as aforesaid, that then, and in that event, R. J. Dean & Co. shall refund the tax paid by Marschall, Spellman & Co., and Marschall, Spellman & Co. shall release to R. J. Dean & Co. and assign all their right, title and interest in and to the brandy, and the warehouse receipts issued by R. J. Dean & Co.

" If R. J. Dean & Co. are finally successful in this action, that then, and in that event, they shall deliver to Marschall, Spellman & Co. the brandy upon receipt of bond of indemnity against damage by reason of the outstanding negotiable receipts.

" *In witness whereof,* we have hereunto set our seals and subscribed our names this sixth day of April, 1891.

" R. J. DEAN & CO.   (L. S.)

" MARSCHALL, SPELLMAN & CO.   (L. S.) "

The action in the Superior Court resulted in a judgment against Dean & Co. for the sum of $1,742.38. Defendants did not elect to pay the judgment and take the brandy, but paid the government tax thereon and sold the brandy, and after deducting from the proceeds the amount of the tax, deposited the balance in a trust company to the joint order of themselves and Dean & Co. The plaintiffs appealed from the judgment to the General Term and subsequently to the Court of Appeals, in both of which the judgment was affirmed, and upon the remittitur from the latter court a judg-

ment was entered, which made the entire amount, $1,984.21. The plaintiffs, claiming that the judgment entered on the trial of the action was the "final judgment" referred to in the stipulation, which was for less than $1,750, demanded the payment of one-half of the counsel fees and expenses of the trial and of the amount of the original judgment entered thereafter. The defendants, claiming that the judgment entered upon the remittitur of the Court of Appeals was the "final judgment" referred to in the stipulation, refused to pay or accede to plaintiffs' demands.. Upon the trial the court construed the stipulation in accordance with the plaintiffs' contention and rendered a decision .upon which the judgment was entered from which this appeal is taken.

*Gibson Putzel* and *Henry Necarsulmer*, for the appellants.

*J. W. Boothby*, for the respondents.

O'Brien, J.:

The question is, what is the meaning of the term "final judgment" as used in the stipulation?

The Code of Civil Procedure provides for two forms of judgment, one interlocutory and one final; but as the action in the Superior Court was to recover a sum of money, in which no interlocutory judgment could be entered, it is evident that the term "final judgment" was not used in the stipulation to distinguish it from such interlocutory judgment. The term is susceptible of two other significations: One, which in a strict legal sense is its true meaning, viz., a determination of the rights of the parties after a trial, whether such is the subject of review or not; and the other, its colloquial use or signification, which makes it synonymous with decisive, or a judgment that cannot be appealed from and which is perfectly conclusive upon the matter adjudicated.

In Kinney's Law Dictionary and Glossary (P. 318) a final judgment is defined as "a judgment which puts an end to an action by declaring that the plaintiff either has or has not entitled himself to recover a judgment from which there is no appeal." In Abbott's Law Dictionary (Vol. 1, p. 497), where quotations from cases are given showing the two meanings of the term, it is said, in speaking of "final adjudication, decree, judgment, order or sentence:"

" These expressions may, indeed, signify a judicial decision which is superior to review, one which conclusively determines the questions involved." And in Black's Law Dictionary (P. 493) it is thus defined : " A judgment which puts an *end* to an action at law by declaring that the plaintiff either has or has not entitled himself to recover the remedy he sues for. (3 Bl. Comm. 398.) So distinguished from *interlocutory* judgments, which merely establish the right of the plaintiff to recover in general terms. (Id. 397.) A judgment which determines a particular cause. A judgment which cannot be appealed from, which is perfectly conclusive upon the matter adjudicated. (24 Pick. 300.) A judgment which terminates all litigation on the same right. The term 'final judgment' in the judiciary act of 1789 (§ 25) includes both species of judgments as just defined. (2 Pet. 494 ; 1 Kent Comm. 316 ; 6 How. 201, 209.) A judgment is final and conclusive between the parties when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but also as to all facts necessarily involved in the issue." (See, also, Bouv. Law Dict. [15th ed. p. 661].)

The question is, in which of these senses was the term used in the stipulation ? Does it mean the judgment entered after the trial of the Superior Court action, or a judgment finally settling the rights of the parties to that action beyond all appeal ? From a reading of the stipulation itself, we think the meaning and intent of the parties clear. It will be noticed that in the clause numbered second it is provided that should plaintiffs be defeated at the first trial of the action on its merits then defendants should have the election to pay the judgment and take possession of the brandy ; if the latter should not so elect, then the goods were to be sold on joint account and the proceeds deposited " to await the final determination of the action." And this language is followed by the clause in dispute which provides what is to happen in the event that the " final judgment " shall be more or less than $1,750. When we recall that express provision was made as to what was to happen in the event of the first trial going against the plaintiffs on the merits, it is made apparent that the term " final judgment," as subsequently used, is synonymous with the expression " final determination of the action " employed in the preceding clause. If this latter term were the one in dispute we should have little difficulty in

reaching the conclusion that by it was meant the final settling of the rights of the parties to the action beyond all appeal. We think the judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed, new trial ordered, costs to appellants to abide event.