GRACE GILLARD, RESPONDENT, v. MANUFACTURERS INSURANCE COMPANY OF PHILADELPHIA, PENNSYLVANIA, APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

A policy of accident insurance was filed with the municipality, by a jitney driver, as a condition precedent to the granting of his license by the city. Thereafter, his bus collided with the plaintiff's automobile, from which accident plaintiff suffered personal injuries for which in a suit instituted against the bus owner she recovered damages. She then brought this suit against the insurer upon the policy of insurance. *Held*—(1) that the act entitled "An act concerning auto busses, commonly called jitneys, and their operation in cities" (*Pamph. L.* 1916, *p.* 283), was not unconstitutional, in that its title by the use of the word "operation" fairly comprehended the subject-matter of jitney insurance, as indemnity and protection to the traveling public, for whose benefit the policy was issued and filed. (2) That since the insurance policy expressly provided for the payment of such indemnity to an injured third party, the omissions of the insured to comply with certain details thereof, in case of accident, such as notice of the accident, &c., could not affect the right of the injured party to recover upon the same for damages, adjudicated in a suit at law between the insured and the injured third party, as a basis for the suit upon the policy to recover the amount so adjudicated.

On appeal from the Supreme Court, whose opinion is reported in 92 *N. J. L.* 141.

For the respondent, *Arthur B. Seymour.*

For the appellant, *Pomerehne & Laible* and *Jacob L. Newman.*

The opinion of the court was delivered by

MINTURN, J.  Andrew Wanzke, as a condition precedent to operating his jitney bus upon the streets of Newark, and for the purpose of obtaining a license from the municipal authorities for the purpose, filed with the chief fiscal officer of the city a policy of accident insurance, issued by the defendant company in the sum of $5,000.

The policy was issued under the provisions of an act of the legislature (*Pamph. L.* 1916, *p.* 283) entitled "An act concerning auto busses, commonly called jitneys, and their operation in cities." The act provides, *inter alia*, that such a policy "shall provide for the payment of any final judgment recovered by any person on account of the ownership, maintenance and use of such auto bus, or any fault in respect thereto, and shall be for the benefit of every person suffering loss, damage or injury."

The policy of insurance provided, *inter alia*, "notwithstanding anything herein contained to the contrary, this company will pay any final judgment within the limits of this policy as stipulated in item four, recovered by any person or persons, on account of the ownership, maintenance and use of the automobile described herein, or any fault in respect thereto, and it is further understood that this contract shall be for the benefit of every person suffering loss, damage or injury as described in this contract, or as described in the terms of an act entitled 'An act concerning auto busses, commonly called jitneys,' etc., already referred to."

In this situation the plaintiff was personally injured as a result of a collision between an automobile which she was driving along Elizabeth avenue, in Newark, with the jitney

bus of the insured, and recovered a judgment against him for the resulting damage in the Orange District Court.

This suit was instituted against the defendant as insurer, upon the policy referred to, to recover the amount of the plaintiff's judgment against the insured.

Under our statute such a litigation may be prosecuted in the name of the third party for whose benefit the undertaking was given.

The District Court having awarded the plaintiff judgment, and the Supreme Court having affirmed it, the defendant appeals.

*In limine,* the constitutionality of the act of 1916 is assailed upon the ground that its purpose to impose a contractual obligation of a tripartite nature is not expressed in the title.

If, as has been tersely and happily expressed by Mr. Justice Garrison in an opinion in this court, in *Moore* v. *Burdett,* 62 *N. J. L.* 163, the title of a legislative act, under our constitutional mandate, is to serve the practical purpose of "a label not an index," and that the product of the act "may be as diverse as the object requires," it is difficult in this instance to discern a reasonable basis for the contention thus interposed. The legislature was dealing with the operation of jitney busses upon city streets, and provided that as a condition precedent to their operation such a policy of insurance as that *sub judice,* should be filed for the public protection, against injuries resulting from such public use. Manifestly, such a legislative requirement is appropriately and logically germane to the legislative purpose, and is in nowise extraneous or foreign to the general subject-matter of the public policy inherent in the act, which at the time of its enactment sought adequate and practical regulation and protection against the general indiscriminate and irresponsible exercise of a *quasi*-public function, incident to a common carrier upon city streets. That regulation of indiscriminate operation, under such circumstances, necessarily involved adequate protection by pecuniary indemnity to the traveling public, who, by reason of negligent operation, might be damaged, would

seem to be an incidental and necessary component factor of any device or system, which had as its prime objective the service and safety of the traveling public.

In expressing this purpose, the use of the generic word "operation," *ipso facto,* comprehends a situation comporting with safe and satisfactory operation, with all the incidental details of administration, which in legislative discretion may be necessary to that end.

Legislation of the same comprehensive character, containing in its title no expression of legislative incidental detail, has frequently received the imprimatur of this court as a compliance with the requirement of the constitutional mandate. *Moore* v. *Burdett, supra; Allen* v. *Board of Education,* 81 *N. J. L.* 135; *Newark* v. *Mt. Pleasant Co.,* 58 *Id.* 168; *Easton and Amboy R. R. Co.* v. *Central R. R. Co.,* 52 *Id.* 267.

It is insisted that the right of the plaintiff to sue is derivative in character and depends entirely upon the rights of the insured under the terms of the policy. The application of this argument is directed to the fact that since the insured failed to give notice of the accident, and of the pendency of the suit to the insurer, as required by him, by the provisions of the policy, the right of the plaintiff in this case to recover is to be determined by the status thus acquired by the insured, which, in effect, constitutes a breach of the agreement.

The contention, it is obvious, ignores the express provision of the policy already quoted, which, manifestly, was contemplated to meet the situation here presented; for it provides "that, notwithstanding anything herein contained to the contrary, this company will pay any final judgment within the limits of this policy, recovered by any person or persons on account of the ownership, maintenance and use of automobiles;" and the further provision, that "this contract shall be for the benefit of every person suffering loss, damage or injury."

It is also urged that, because of the failure to serve the summons in the original litigation, upon the fiscal officer of the city, who is constituted by the statute the agent of the owner of the car, for that purpose, this proceeding is invalid.

Quite manifestly the fiscal officer in statutory contemplation is constituted the agent of the insured, and not of the insurer, and the omission of the plaintiff, in that respect, cannot enure to the advantage of the insurer, after the insured, as in this case, submitted himself to the jurisdiction and litigated the merits of the case. As between the defendant company and the plaintiff, the defendant's liability is thereby fixed and determined.

There is no statutory or contractual requirement that the fiscal officer shall accept substituted service of the summons, or be deemed the agent of the insurer for the purpose of this suit. That provision has reference only to the original action, which determines the liability and the amount thereof, and can be invoked only in the first action as a basis of defence.

It is finally contended that neither in law nor equity can the defendant be burdened with an imposition not contemplated by the terms of the policy of insurance. While this proposition may be true in the abstract, its relevancy to the situation at bar is not apparent, for, if the parties to the instrument did not contemplate an exigency, productive of a practical indemnification of a third party, for damages concededly suffered at the hands of the insured, it is difficult to apprehend the language of the statute, or the public policy underlying its provisions, or the reasons prompting the execution and delivery by the parties of the instrument of indemnity, upon which this suit is predicated.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   11.

*For reversal*—None.