[Civil No. 1912.    Filed January 13, 1922.]

[203 Pac. 338.]

ARIZONA MUTUAL AUTO INSURANCE COMPANY, a Corporation, Appellant, v. MARIANA BERNAL, an Infant, by JESUS BERNAL, Her Guardian Ad Litem, Appellee.

INSURANCE—PASSENGER COULD RECOVER FROM INSURER FOR INJURIES IN COLLISION NOTWITHSTANDING HIS FAILURE TO GIVE THE NOTICE OF ACCIDENT REQUIRED BY POLICY.—Where policy insuring automobile driver engaged in business of carrying passengers for hire against liability required insured to give insurer written notice of accident, and provided in indorsement on policy that it should inure to the benefit of persons damaged, "regardless of any of the conditions of this policy," a passenger, who recovered a judgment against insured for injuries sustained in accident, could recover the amount thereof from the insurer, notwithstanding insured's failure to give the prescribed notice or failure of passenger herself to give insurer such notice.

APPEAL from a judgment of the Superior Court of the County of Pima.  Samuel L. Pattee, Judge. Affirmed.

Mr. Richard E. Sloan, Mr. C. R. Holton, and Mr. Greig Scott, for Appellant.

Mr. George O. Hilzinger and Mr. Edwin F. Jones, for Appellee.

FLANIGAN, J.—The appellee, Mariana Bernal, suing by her guardian *ad litem,* having recovered a

judgment against one Manuel Miranda for the sum of $3,000 and costs, for injuries sustained by her because of the negligent operation of an automobile by Miranda, brought suit for the payment of said judgment against the appellant, Arizona Mutual Auto Insurance Company, basing her cause of action against the company on the terms of a certain policy of indemnity issued by it to Miranda, as the owner and user of said car in carrying passengers for hire. The court below rendered judgment in favor of appellee, and on this appeal, the question for determination is whether the admitted facts support the judgment.

By the policy so issued the company agreed to indemnify the assured Miranda "against loss by reason of the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered while this policy is in force by any person or persons not employed by the assured, or not at the time members of his family, by reason of the ownership, maintenance or use" of said automobile by Miranda while carrying passengers for hire; and also agreed to defend in the name and on behalf of the assured any suits, even if groundless, brought against the assured to recover damages on account of such happenings, and to pay by way of indemnification only not more than the sum of $5,000 "for loss from accident resulting in bodily injuries to, or in the death of, one person," such engagements on the part of the company being made, however, subject to the following conditions:

"A.   The assured, upon occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the company's home office at Phoenix, Arizona, or to its duly authorized agent. If a claim is made on account of such accident, the assured shall give like notice

thereof. If, thereafter, any suit is brought against the assured to enforce such a claim, the assured shall immediately forward to the company every summons or other process served on him. The company reserves the right to settle any claim or suit. Whenever requested by the company the assured shall aid in the effecting settlements, securing information and evidence, the attendance of witnesses, and in prosecuting appeals, and shall at all times render to the company all co-operation and assistance within his power. . . .

"C. No action shall lie against the company to recover under any of the agreements herein contained, unless brought by the assured personally to recover money actually expended by him in satisfaction of claim or liability imposed by due process of law, resulting from injuries actually caused by reason of the ownership, maintenance, and use of said automobiles. . . . "

The policy was issued with an "endorsement" reading as follows:

"Endorsement.

"In consideration of the premium at which this policy is written and in further consideration of the acceptance by the Arizona Corporation Commission of this policy as a compliance with orders No. ——, it is understood and agreed that, regardless of any of the conditions of this policy, same shall cover passengers as well as other coverage, and shall inure to the benefit of any or all persons suffering loss or damage, and suit may be brought thereon in any court of competent jurisdiction within the state, by any person, firm, association or corporation suffering any such loss or damage; if final judgment is rendered against the assured by reason of any loss or claim covered by this policy, the company shall pay said judgment up to the limits expressed in the policy direct to the plaintiff securing said judgment, or the legal holder thereof, upon the demand of said plaintiff, or holder thereof, whether the assured be or be not financially responsible in the amount of said judgment and that this policy may not be canceled by either party except

that written notice of the same shall have been previously given for at least ten days prior to the cancellation of such policy. . . .

"In all other respects, the terms, limits and conditions of this policy remain unchanged."

It appeared that no notice was given by any person to the company of the occurrence of the accident or injury to appellee within the time required by condition A, and the judgment is sought to be reversed solely for such omission; the existence of the remaining facts precedent to the liability of the company not being questioned. The contentions of appellant are substantially that—

The company is not liable to any person until it is shown that the assured has performed that condition of the policy, and that "if the assured failed to give the prescribed notice, the injured person, in order to put himself in a position to claim the benefits arising out of the contract, should himself notify the insurance company of the accident."

The agreements evidenced by the policy are basically: First, an undertaking by the company to indemnify the assured against loss in certain contingencies; and, second, an undertaking by the company to pay such persons as the appellee up to the limits expressed in the policy and in cases within its terms the amount of any final judgment obtained by them against the assured. The legal right of appellee to have the judgment paid by the company exists only under the indorsement, for, in no other part of the policy is there any stipulation binding the company to respond to any claim made by appellee, or conferring upon her any cause of action that she would not otherwise have. Now, the language of the indorsement is that "regardless of any of the conditions of this policy" . . . the company shall upon demand pay a final judgment rendered against the assured "up to the limits of the policy direct to the plaintiff securing said

judgment," i. e., a judgment secured in a suit against the assured by a person suffering a loss or damage which the company undertakes to indemnify. It does not appear possible to conceive a doubt as to the meaning of this language, or to add anything to its clearness by exposition. The only terms of the indorsement which might be supposed to qualify its effect are in the concluding sentence, "In all other respects, the terms, limits and conditions of this policy remain unchanged." This sentence merely evidences the intention that every obligation and right created by the contract and existing between the assured and the indemnity company should, except as modified by the indorsement, remain unaffected, and is but the expression by way of emphasis of a rule for the interpretation of the policy which would be applicable even were the sentence omitted. The other terms, limits, and conditions of the policy, including those concerning its existence and continuation, the subject matter and limits of the risk, the rights and obligations of the assured, and the indemnitor *inter se,* were obviously intended to be governed by the policy itself irrespective of the indorsement, excepting only in that regard the provisions concerning the time which must elapse before cancellation of the policy could be had after notice, and the express inclusion of injuries to passengers in the risks covered by the policy; these additional provisions being apparently for the benefit of the third persons brought by the indorsement into contractual relation with the parties as beneficiaries under the policy.

As neither the terms of the indorsement nor the policy in any other of its provisions requires the giving of any notice to the company of an accident, by a person injured, nor requires in terms such person to see to the performance of any such act by the assured himself, it cannot therefore be said that the

giving of such notice is a condition precedent to recovery by any such person; it being sufficient that such person has complied with the terms and conditions of the indorsement which sets forth the sole requirements to be fulfilled antecedent to the liability of the company to such person. By the provisions of the indorsement the only notice required to be given by such person is a demand on the company to pay a final judgment already obtained against the assured.

We conclude that a cause of action against appellant existed in this case when appellee obtained her final judgment against Miranda for the injury she sustained during the life of the policy and concededly covered by its terms, and that the obligation to pay such judgment, within the limits of the policy, directly to her, arose when she demanded its payment by the company, and that appellee was under no obligation or duty to give any notice herself, or see to the giving of any notice, required by the conditions of the policy from the assured; and that the failure of the assured to comply with this condition affected only his own rights against the company, and could not prejudice the rights of appellee.

For these reasons the judgment must be affirmed.

ROSS, C. J., and McALISTER, J., concur.