## GENERAL ACC. FIRE & LIFE ASSUR. CORPORATION, Limited, v. CLARK et ux.

Circuit Court of Appeals, Ninth Circuit. September 23, 1929.

As Modified, on Denial of Rehearing, October 14, 1929.

No. 5688.

Sloan, Holton, McKesson & Scott, of Phœnix, Ariz., for appellant.

Le Roy Anderson, Leo T. Stack, and Anderson & Gale, all of Prescott, Ariz., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is an action at law, brought by appellees, husband and wife, injured third persons, to recover on a contract of indemnity (hereinafter referred to as the policy) issued by the appellant (hereinafter referred to as the insurance company) to George Ross, a taxicab driver, to cover his liability for accidents arising out of his operation of a certain Paige sedan automobile. Appellees recovered a joint judgment in the superior court of the state of Arizona in and for the county of Yavapai against George Ross for $12,000 compensatory damages and $3,000 punitive damages. From this judgment an appeal was taken in due time, but no stay bond was given. This action was brought after the appeal was taken, and was tried before the appeal was determined. Judgment was rendered herein against the appellant for $10,000 and costs, from which it appeals.

Upon the argument of the case in this court, a copy of the opinion of the Supreme Court of Arizona and of its judgment on appeal, rendered while this appeal was pending, was presented here without objection. From this judgment it appears that the Supreme Court reduced the joint judgment in favor of the appellees, so as to award $6,000 compensatory damages to the wife, Ella Clark, and $1,000 to the husband, L. A. Clark, and allowed the amount of $3,000 punitive damages to stand.

The appellants, by plea in abatement, alleged that the judgment against Ross had been appealed from, and prayed that the action be abated until the determination of

834

the appeal in the suit against Ross. The failure to abate and stay this action until the determination of the issues involved on the appeal is assigned as error. The situation presented here is not free from difficulty, and is the subject of consideration in numerous decisions. It has been held by the Supreme Court of Arizona that a policy similar to the one here sued upon is one of indemnity, and that the right of the passenger or third person injured against the insurance company accrues thereon upon "final judgment" against the person assured. Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995; Arizona Mut. Auto Ins. Co. v. Bernal, 23 Ariz. 276, 203 P. 338. In neither of these cases was the question considered as to whether a judgment of the superior court, appealed from without a stay bond, was a "final judgment," within the meaning of the policy.

There is no doubt that the judgment of the superior court in a damage case is a "final judgment" in a technical sense, and it is so designated by the statutes of Arizona concerning appeals. Section 1228, Civ. Code, Ariz. 1913. This is true, whether or not an appeal is taken, and whether or not a stay bond is given. It is thus designated, to distinguish it from an interlocutory decree or order. It is equally clear that it is not "final," in the sense of concluding the litigation, or finally establishing the rights of the parties, where an appeal is pending. This distinction between a strictly technical definition of the word "final," as applied to a judgment, and the popular sense of the term, is recognized in the decisions construing a policy similar to the one at bar.

In Pape v. Red Cab Mut. Casualty Co., 128 Misc. Rep. 456, 219 N. Y. S. 135, 136, it was said by the Appellate Term of the New York Supreme Court:

"Considering the obligation under the policy, apart from the language of the statute, the insurer was liable upon a 'final determination of the litigation after trial of the issue.' The expression is synonymous with 'final judgment.' The latter, as is shown in Dean v. Marschall, 90 Hun. 335, 338, 35 N. Y. S. 724, 725, is susceptible of two significations: 'One, which in a strict legal sense is its true meaning, viz. a determination of the rights of the parties after a trial, whether such is the subject of review or not; and the other, its colloquial use or signification, which makes it synonymous with decisive, or a judgment that cannot be appealed from, and which is perfectly conclusive upon the matter adjudicated.' "

In view of the fact that a final judgment has now been rendered in the action against George Ross, in either view of the case, and such judgment has been presented to us on the argument for such action as we consider appropriate, we find it unnecessary to determine the question as to the finality of the judgment appealed from, in the sense used in the policy. It is clearly a violation of the intent of the insurance policy to allow the injured persons to collect from it a greater amount than the judgment as finally settled and determined in the litigation between the insured, George Ross, and the injured third persons, who, because of his negligence, have been injured by him.

The liability of the appellant to appellees upon the policy is based upon a clause referred to in the briefs, and hereinafter, as a "rider" attached to the policy in order to comply with the rules of the Arizona Corporation Commission, similar, but not identical, in terms to the clause discussed by the Supreme Court of Arizona in Smith Stage Co. v. Eckert, 21 Ariz. 28, 184 P. 1001, 7 A. L. R. 995, and in Arizona Mut. Auto Ins. Co. v. Bernal, 23 Ariz. 276, 203 P. 338. The clause, or rider, is as follows:

"*Arizona Common Carrier Indorsement.* Not valid unless countersigned by a duly authorized representative of the corporation.

"In consideration of the premium at which this policy is written and in further consideration of the acceptance by the Arizona Corporation Commission of this policy as a compliance with Orders No. ——, it is understood and agreed that regardless of any of the conditions of this policy, same shall cover passengers as well as other persons, and shall inure to the benefit of any or all persons suffering loss or damage, and suit may be brought thereon in any court of competent jurisdiction within the state, by any person, firm, association or corporation suffering any such loss or damage, if final judgment is rendered against the assured by reason of any loss or claim covered by this policy, the corporation shall pay said judgment up to the limits expressed in the policy direct to the plaintiff securing said judgment, or the legal holder thereof, upon the demand of said plaintiff or holder thereof, whether the assured be or be not financially responsible in the amount of said judgment and that this policy may not be canceled by either party except that written notice of the same shall have been previously given for at least ten days prior to the cancellation of such policy: Provided, however, that no person suffering loss or damage, either to person or

property, shall be entitled to avail himself of the benefits of this indorsement and rider to the policy unless within 20 days from the date of suffering said loss or damage he shall serve notice thereof upon the representative of the General Accident Fire & Life Assurance Corporation, Limited, at its office at Phœnix, Arizona.

"It is further understood and agreed that this policy does not cover injuries or death to any employee of the assured, coming within the scope of the Workmen's Compulsory Compensation Law, chapter 7, title XIV, Revised Statutes of 1913, originally chapter 14, Laws of 1912, Special Session, and codified by chapter 7, Laws of 1913, Fourth Session. In all other respects the terms, limits and conditions of this policy remain unchanged."

The limit of the liability of the insurance company referred to in the rider is contained in statement 8 as follows:

"Regardless of the number of the assured involved, the corporation's liability for loss from an accident resulting in bodily injuries to or in the death of one person is limited to five thousand dollars ($5,000.00), and, subject to the same limit for each person, the corporation's total liability for loss from any one accident resulting in bodily injuries to or in the death of more than one person is limited to ten thousand dollars ($10,000.00)."

Another clause provided for additional amounts, as follows:

"To pay, irrespective of the limits of liability expressed in statement 8 of the Schedule of Declarations, all costs taxed against the assured in any legal proceeding defended by the corporation, all interest accruing after entry of judgment upon such part thereof as shall not be in excess of said liability and the expense incurred by the assured for such immediate medical or surgical relief as is imperative at the time of the accident, together with all the expense incurred by the corporation growing out of the investigation of such an accident, the adjustment of any claim or the defence of any suit resulting therefrom."

The judgment in the suit against Ross was a joint one in favor of the appellees for a total sum of the personal injuries to both. The damages to each were not segregated, either in the complaint, verdict, or judgment. It it clear that under the terms of the policy the amount recoverable for injuries to the wife cannot exceed $5,000 and interest, and the amount to the husband cannot exceed $1,000 and interest, unless he is also entitled to a part or the whole of the punitive damages, which question will be presently considered.

Appellant claims that the appellees cannot recover because they failed to give notice of their injuries within the time limited in the rider, which required the person injured to give notice to the insurance company within 20 days of the accident. Notice was given within the time limited to B. F. Hunter. The Standard Agency, Inc., replied thereto within the 20-day period, on July 11, 1927. The policy hereunder sued upon was countersigned by the Standard Agency, Inc., at Phœnix, Ariz. This was sufficient prima facie proof of notice to the company within the time limited, particularly in view of the fact that the insurance company thereafter, through its attorneys, conducted the defense of George Ross.

By various assignments of error the appellants point out that the judgment in favor of the appellees was a joint judgment for a lump sum for the personal injuries sustained by both the husband and the wife, and that the amount awarded for the injuries to each were not segregated, so that it could not be determined from the face of the judgment what amount was awarded on account of personal injuries to the husband, and what amount awarded on account of personal injuries to the wife. The reply of the appellees to this contention is that the husband and wife were properly joined as plaintiffs in the action against George Ross, as the injuries to each were part of the community property belonging to them jointly under the laws of Arizona. It may be conceded that under the law of Arizona, where the right of action for personal injuries is community property owned by both, it is not only proper to join the husband and wife in the action against George Ross, but that it is equally proper to join them in this action, in which it is sought to compel the appellant to pay that joint judgment.

This fact, however, does not meet the contention raised by the appellant. It contends that, inasmuch as the policy limits the liability for injuries to one individual to $5,000, it was incumbent upon the appellees to prove the amount of injuries received by the husband and the wife respectively. If these amounts had been segregated in the joint judgment, undoubtedly that judgment would be conclusive against the appellant. In the absence of such segregation, it was incumbent upon the appellees to show the extent of injuries to each. The burden was upon the appellees to establish their cause of

action against the appellant, and for this purpose it was necessary to offer proof which would enable the court to segregate the damages. The situation presented by this branch of the case has been clarified by the results of the appeal to the Supreme Court of Arizona, which held that an award of $6,000 compensatory damages to the wife and $1,000 compensatory damages to the husband were amply sufficient to compensate them for the injuries.

As to punitive damages no effort was made in the trial court to apportion such amount between the husband and the wife, nor was such effort made in the suit against George Ross. The burden was upon the plaintiff to establish a right of recovery against the defendant, and as to the punitive damages they have wholly failed to do so, because under the evidence the whole thereof may have been awarded by the jury in the suit against George Ross, because of the wife's injuries. The most feasible division would be to apportion the amount in proportion to the compensatory damages; that is, five-sixths to the wife and one-sixth to the husband. But we do not feel justified in taking this view, in the absence of some proof, nor do we see what evidence could be adduced now to clarify this situation, because the award of punitive damages is entirely within the discretion of the jury. That judgment, or discretion, was in the form of a joint judgment, at the instigation of the appellees. The policy sued upon makes no provision for the recovery of a joint judgment, unless perhaps where the total amount is less than $5,000. In such case it would be apparent that the loss of each was less than the total. Under these circumstances we find it unnecessary to consider the appellant's contention that punitive damages are not in any event recoverable on the policy by third persons, for the appellees failed, as to this item, to bring themselves within the terms of the policy fixing a limit of $5,000 for recovery based on injuries to one person.

To meet these difficulties, the appellees contend that, inasmuch as the defense of George Ross was conducted by attorneys employed by the insurance company, it was their duty, in that action, to have obtained a segregation of the amount of injuries to the husband and wife, respectively, notwithstanding the fact that the action was for a joint recovery of the sum total of their respective injuries, without allegation or judgment segregating them. As authority for this proposition they cite Morrell v. Lalonde, 45 R. I.

112, 120 A. 435. This case is not in point. There the insurance company was joined as a party to the action against the insured, and failed to point out to the trial court, at any time during the progress of the trial, or to the Supreme Court on appeal, that their liability was limited. Because of such neglect the Supreme Court declined to modify the judgment of the trial court entered on remittitur.

The judgment is reversed, and the case remanded for a new trial, unless the appellee, within 10 days after the receipt of the remittitur, consent to a reduction of the judgment to the sum of $6,000, with interest thereon at the legal rate of 6 per cent. from November 9, 1927; for the sum of $196.35, as the amount of costs taxed in favor of appellees against George Ross in the superior court of Yavapai county, Arizona, with interest thereon at the rate of 6 per cent. per annum from November 9, 1927; for the sum of $32, as the amount of costs taxed in favor of the appellees and against George Ross in the Supreme Court of Arizona, with interest thereon at the rate of 6 per cent. per annum from February 12, 1929; and for the sum of $29.60, as the amount of costs taxed in favor of appellees in the court below, with interest thereon at the rate of 6 per cent. per annum from the date of the original judgment herein; appellant to recover costs on this appeal.