Vivian Roberts, a Minor, by Grace Roberts, Her Mother
and Next Friend, Appellee, v. Central Mutual In-
surance Company, Appellant.

Opinion
filed May 8, 1936.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NOR-
MAN J. GUNDLACH, all of East St. Louis, for appellant.

PHILIP G. LISTEMAN, of East St. Louis, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the
court.

Plaintiff, Vivian Roberts, a minor, who sues by her
mother as next friend, recovered a judgment for
$2,500 in the city court of East St. Louis against Hilda
Schmeling and the Economy Cabs, Inc. for personal
injuries she sustained while riding in an automobile
used by the defendants in carrying passengers for
hire. The defendant in the instant case furnished
Schmeling and the Economy Cabs, Inc., the bond re-
quired of taxi operators by section 42a, chapter 95a,

Ill. State Bar Stats. 1935, ¶ 44. Plaintiff brings this action on the bond to recover the amount of the judgment she had obtained against the taxicab operators. All pleadings were verified. Defendant answered the complaint and on motion of plaintiff the court struck paragraphs 3, 4 and 7. Plaintiff then moved for judgment, on the ground that the parts of the answer then remaining did not allege a defense. This motion was allowed and judgment was entered against the defendant for the amount of the judgment entered in plaintiff's favor in the former suit. The court's rulings on striking paragraphs 3, 4 and 7 and in entering judgment is urged as grounds for reversal.

Paragraph 3 of the answer alleged that plaintiff was not a passenger for hire but a guest; that her injuries were not caused by the negligence of the taxicab operators; that immediately after the accident it made an investigation relative to the liability of the taxicab operators and that in an interview with Roscoe C. Herrin, the driver of the taxi in which plaintiff was riding when she was injured, he stated that plaintiff was a passenger for hire at the time of the injury and that she was not intoxicated; that since said trial Herrin had signed an affidavit, a copy of which is attached to the answer and made a part thereof; that plaintiff was at the time of the injury riding as a guest and not as a passenger; that she was intoxicated and by reason of such condition fell from the cab; that he connived with the plaintiff's mother and gave false testimony in the suit against the taxi operators and that he was to be paid for the same. Defendant alleges that at the time of the former suit it did not know the true facts and relied upon what Herrin had first told them.

The bond which defendant gave in this case was furnished pursuant to the provisions of a mandatory statute. The statute makes it unlawful for any person

to operate any motor vehicle for hire upon the streets in any city or village having a population of five thousand or more without first filing a bond with the secretary of state. The conditions of the bond as prescribed by statute are that each of said bonds shall be conditioned, that the owner of said motor vehicle will pay all final judgments recovered against such owner for any injury to or death of any person resulting from the negligence of such owner or his agent in the operation of such motor vehicle not to exceed $2,500. The bond so furnished shall by its terms inure to the benefits of the person recovering the judgment and shall provide that suit may be brought upon such bond by the owner of the judgment. The bond furnished by the defendant was conditioned in accordance with the requirement of the statute.

In cases where a contract had been entered into to insure the payment of a claim and which was made for the benefits of one holding the claim against the insured, the courts of this State have recognized the right of the person having such claim or judgment against the insured to file a creditor's bill against the insurer and in those cases, it is held that the judgment is conclusive against the insurer.

In *Po'orman v. Ft. Armstrong Automobile Underwriters*, 269 Ill. App. 466, plaintiff had recovered a judgment against the insured and later filed a creditor's bill against the insurance company. The company sought to introduce evidence to the effect that the automobile was being operated in violation of law. The court said, "We do not see upon what theory this evidence was pertinent to the issues. A trial had been had in a forum provided by law for that purpose and a judgment rendered according to law. The appellant could have introduced all such testimony in that case had it desired. Even after this judgment, had appellant desired, an appeal could have been had and the

evidence reviewed. Appellant having had every opportunity to present the evidence in an appropriate proceeding and having failed to do so, cannot now be heard to complain of its own conduct. Appellant is bound by the judgment of the law court and courts of equity will not permit litigants to go back of the judgments entered in the law courts in such cases. (*Kinnan v. Hurst Co.*, 317 Ill. 251.)''

Defendant contends that the affidavit of Herrin shows fraud and that fraud vitiates the judgment and that therefore it should be permitted to make the defense that plaintiff was not a passenger but a guest. In *Beck v. Lash*, 303 Ill. 549, the court said, ''There are two kinds of fraud as applied to judicial proceedings: fraud in obtaining an order or decree by false testimony, and fraud which gives the court only colorable jurisdiction. It is only the latter that renders collateral attack effective or renders a decree void. as to all parties affected.'' The court did not err in striking the third paragraph.

The seventh paragraph alleged that Herrin was the agent of the taxi operators and that by reason of his fraud in making false representations as to plaintiff being a passenger when, in fact, she was a guest, the taxi operators should be charged with failure to co-operate with it in the defense of the personal injury suit, and that, therefore, it would be relieved from liability in this action.

There is no provision in the bond that required the insured to co-operate with the defendant. In *Maryland Casualty Co. v. Lamarre*, 83 N. H. 206, 140 Atl. 174, it was held that in the absence of such a provision in the policy, the failure to co-operate did not bar liability. Defendant contends that there is an implied undertaking by the insured that it will act in good faith in disclosing the truth of the cause of the accident. Aside from the effect of the absence of such a

provision in the bond or the implied undertaking, it is clear that the legislature in prescribing the conditions of the bond to be furnished by taxi drivers, the place the bond was to be filed for public inspection and the right of action upon the bond to the one recovering a judgment, the bond was intended to be one of indemnity for the benefit of the traveling public. Under such conditions and statutory requirements, the legal rights and equities that may exist as between the insured and the insurer cannot be permitted as a defense in a suit brought upon the bond by one of the traveling public. *Kruger v. California Highway Indemnity Exchange,* 201 Cal. 672, 258 Pac. 602; *Boyle v. Manufacturers' Liability Ins. Co.,* 96 N. J. L. 380, 115 Atl. 383. The seventh paragraph of the answer was properly stricken.

The fourth paragraph of the answer alleged that the judgment in the former case was rendered August 22, 1935, and that the defendants in that case appealed from that judgment to this court; that notice of appeal was filed and served September 6. The other steps necessary to perfect an appeal to this court are alleged, the case being docketed in this court October 10. The instant suit was filed October 18. Defendant contends that this action was premature.

The condition required by the statute and the bond is that the defendant shall pay all final judgments. Was the judgment for which recovery is sought in this case final when this suit was instituted? If it was not final, then defendant had not defaulted on its bond. Its obligation was to pay final judgments. As noted, the notice of appeal was filed before the starting of this suit and by section 74, ch. 110, Ill. State Bar Stats. 1935, ¶ 202, it is provided that all orders, judgments or decrees which are reviewable in the Supreme or Appellate Courts shall be reviewed by notice of appeal "and such review shall be designated an appeal and

shall constitute a continuation of the proceeding in the court below.'' Paragraph 2 of section 75 of the same act provides an appeal shall be deemed perfected when the notice of appeal shall be filed in the lower court.

Plaintiff contends that the legislature used the words ''final judgment'' in the sense that it was a judgment from which an appeal would lie. We cannot agree with that contention. To give it such a construction would make it possible for plaintiff to maintain an action for the recovery of the amount of a judgment which might later be set aside on appeal. The absurdity of such a construction is apparent. If the court of review should reverse the judgment on the grounds no liability was shown, then the action on the bond would likewise fail and yet as in this case, the defendant would be put to the necessity of preventing the judgment on the bond becoming final during the pendency of the appeal in the other case.

In *Dean v. Marshall,* 35 N. Y. S. 724, 90 Hun, 335, the court in considering the meaning of the words ''final judgment'' as used in a stipulation, said, ''The term 'final judgment' is susceptible of two significations, one of which, in a strict legal sense, is its true meaning. It is a determination of the right of the parties after the trial whether such is the subject of review or not, and the other is its colloquial use or significance, which makes it synonymous with 'decisive,' or a judgment that cannot be appealed from and which is perfectly conclusive upon the matter adjudicated.'' Final judgment as used in the statute and bond meant a judgment in which the parties no longer had a right to have it changed by the court that entered it or to have it reviewed by appeal to a court of review.

The fact that this court has at this term filed an opinion affirming the judgment in the personal injury suit does not aid plaintiff in this case for the reason

that plaintiff could not maintain her action until there was default upon the bond and under the views expressed there could not be a default until the judgment became final on appeal. The suit was premature and the court erred in striking the fourth paragraph.

The judgment of the lower court is reversed and the cause is remanded to the lower court with directions to set aside the judgment and to enter an order overruling plaintiff's motion as to paragraph four.

*Judgment reversed and remanded with directions.*