**Virgil ALLEN and Glinza Allen, Appellants,**

**v.**

**CANAL INSURANCE CO., GREENVILLE, SOUTH CAROLINA, Appellee.**

Court of Appeals of Kentucky.

June 7, 1968.

As Modified on Denial of Rehearing
Nov. 15, 1968.

Calvin N. Manis, Hazard, for appellants

F. Byrd Hogg, Whitesburg, for appellee.

OSBORNE, Judge.

The appellants herein are the holders of a judgment against the National Company, which is an interstate motor carrier operating out of Nashville, Tennessee. The judgment was secured in a proceeding in the Perry Circuit Court for injuries received in an automobile collision.[1]

The present action against the Canal Insurance Company was instituted by appellants to recover the amount of the judg-

---

1. The judgment was secured by default and is in the amount of $9950. The National Company went into bankruptcy at about the time the negligence suit was filed.

ment under the terms of a liability insurance policy issued by appellee to the National Company. In defense of this action appellee pleaded the failure of the National Company to cooperate in the investigation of the claim and the trial of the suit. In support of this defense it filed certain affidavits which show conclusively that the National Company did not report the collision as required by the policy and did not cooperate in the defense.[2] These affidavits were not responded to and the trial court dismissed the suit. The action of the trial court is undoubtedly proper if the failure of the insured to cooperate constitutes a proper defense in this instance.

◼ The law is well established that an insured who violates the conditions of the policy in failing to cooperate with the defense or to notify the insurer of the action may not recover the amount of the judgment obtained against him from the insurer and there is no waiver by the insurer in attempting to defend the action for the insured and thereafter withdrawing such assistance by notice to the parties after the insured fails to cooperate. State Farm Mutual Automobile Insurance Co. v. Jacobs, Ky., 409 S.W.2d 523.

The problem in this case is that we are not dealing with the ordinary insured under circumstances commonly found. Here the insured was a motor carrier and had procured its policy from appellee who was required to file a certificate of insurance with the Department of Motor Transportation in order to secure a permit to operate in this state.[3] The insurance company knew it was issuing the policy for this purpose.[4] KRS 281.655 provides that before any certificate to operate will be issued the applicant must first file with the Department an approved indemnifying bond or insurance policy or in lieu of bond or policy the Department may require the filing of an approved certificate of insurance, "The term of which shall be continuous and shall remain in force and effect until cancelled under proper notice." The statute further provides no insurance company or surety or obligor on any bonds or contracts filed with the department shall be relieved of liability under its policy or bond "until after the expiration of fifteen days' notice to the department of an intention to cancel the policy, bond or contract, * * *. The acceptance of any notice of an intention to cancel any policy, bond or contract or the cancellation of any policy, bond or contract by the department, unless under the circumstances hereinbefore set forth, shall not relieve the insurance company, insurance carrier, surety or obligor of any liability that accrued prior to the effective date of the cancellation."

◼ We have previously held in Tharp v. Security Insurance Company of New Haven, Conn., Ky., 405 S.W.2d 760, under the provisions of KRS 187.290 etc., the Financial Responsibility Law, that the liability of the company under the policy could not be avoided under narrow technical definitions because the purpose of the law is fundamentally to provide compensation for innocent persons injured through faulty op-

2. Canal Insurance Company did have notice of the suit and was afforded an opportunity to defend but declined to do so. By letter the company advised all parties that it would not afford the National Company a defense and was withdrawing from the case.

3. Department of Motor Transportation Regulation Number 16 provides: "The insurance requirement for motor vehicles engaged exclusively in interstate commerce and Regulation Number 16–01 provides that evidence of insurance required by Chapter 281 of the Kentucky Revised Statutes shall be filed in the form of a certificate of insurance, as set out herein, which certificate of insurance shall be written to show the term of the bond or policy to be continuous until cancelled under proper notice. No other form of evidence of insurance will be accepted. * * * *"

4. The policy covered the insured as a carrier of "drugs, alcohol, toilet preparations, etc.," with an "unlimited" operating radius.

eration of motor vehicles. There we said, "The Commonwealth has a valid interest in promoting safety on the highways by protecting the users against financially irresponsible persons * * *." We further pointed out in that opinion that the purposes of the law would be defeated by permitting the insurer to deny coverage under such circumstance. However, KRS 187.490(6) (a) specifically provides, " * * no violation of said policy shall defeat or void said policy." This specific provision is not included in KRS 281.655. However, we believe that it is clearly implied when we look to the purposes of that act and though this court has not had occasion to pass upon the question this seems to be the consensus of opinion among the courts of the several states. In Royal Indemnity Company v. Olmstead, (C.A.9th Cal.) 193 F.2d 451, 31 A.L.R.2d 635, the insured was engaged in the car rental business in Pasadena, California, which city had a general ordinance requiring those so engaged to carry liability insurance. The insured had acquired a policy in compliance with the ordinance. Insured's automobile was involved in an accident and the company denied liability for failure to cooperate. The court there recognized that as a general rule unless a policy can be construed as creating an independent right of action, the injured party can not recover against the company as his right is derivative only and subject to all defenses the company would have against the named insured. But the court went on and held:

"An exception to the general rule has been made in situations where the insurance policy was issued to satisfy the requirements of a statute having as its purpose the protection of the public. Under such circumstances the beneficial purpose of compulsory insurance would be thwarted in the event the insurer be permitted technical defenses under the policy relating to conditions wholly outside the ability of the injured person to secure performance of. Hence, it has been held that in cases involving compulsory insurance the insurer cannot urge lack of cooperation by the insured as a defense in a suit brought by an injured member of the public within the class sought to be protected by statute. Cf. Kruger v. California Highway Indemnity Exch., 201 Cal. 672, 258 P. 602; Hynding v. Home Accident Ins. Co. [214 Cal. 743, 7 P.2d 999, 85 A.L.R. 13], supra; Gillard v. Manufacturers' Ins. Co., 93 N.J.L. 215, 107 A. 446. The policy with which we are here concerned was issued to comply with the requirements of a Pasadena ordinance."

In Duffy v. Oregon Automobile Insurance Co., 142 Or. 698, 21 P.2d 211, in dealing with this same problem the court said:

"If the contention made by defendant as to the defense of lack of notice of the original action, or failure to forward summons and process, or assuming liability by the insured, etc., would be permitted to prevail, then either the insurer or the insured could avoid the liability on the bond. Thus accomplish indirectly what the law does not permit to be done directly."

This same proposition was well stated by the court in Ott v. American Fidelity & Casualty Co., 161 S.C. 314, 159 S.E. 635, 76 A.L.R. 4:

"This position would undoubtedly be correct in a suit brought against the insurer by the insured, but the same rule would not necessarily apply in a suit by an injured member of the public. We must assume that the policy was intended, not to evade, but to effectuate the purposes of the statute in compliance with which it was filed, and it must be construed in the light of such statute. Curtis v. Michaelson, 206 Iowa 111, 219 N.W. 49; Edwards v. Fidelity & Casualty Company, 11 La.App. 176, 123 So. 162. The manifest purpose of the statute is the protection of passengers and members of the public who may be injured by negligence of bus operators, and a policy issued for such purpose must be con-

·strued most strongly against the insurer."

The obvious purpose of the statute is to require of all motor carriers financial responsibility in the case of injuries or damages sustained by third persons as a result of the negligent operation of their trucks. Today enactments of this nature are rather common and the prevailing view seems to be that policies issued in compliance with the act are for the benefit of the traveling public and the liability of the insurer will not be relieved by the failure of the insured to cooperate. To so hold would defeat the very purpose of the act. Arizona Mutual Auto Insurance Co. v. Bernal, 23 Ariz. 276, 203 P. 338; Illinois Casualty Co. v. Krol, 324 Ill.App. 478, 58 N.E.2d 473; Roberts v. Central Mutual Insurance Company, 285 Ill.App. 408, 2 N.E.2d 132; Gillard v. Manufacturers' Insurance Co., supra; Devlin v. New York Mutual Casualty Taxicab Ins. Co., 213 App.Div. 152, 210 N.Y.S. 57; Bryant v. Blue Bird Cab Co., 202 S.C. 456, 25 S.E.2d 489; Pan-American Cas. Co. v. Basso, Tex., 252 S.W.2d 505. Contra, Warren v. Commercial Standard Insurance Co., 219 Ark. 744, 244 S.W.2d 488; Atlantic National Insurance Co. v. Johnson, Fla.App., 178 So.2d 733; United States Casualty Insurance Co. v. Breese, 21 Ohio App. 521, 153 N.E. 206; Jamison v. New Amsterdam Casualty Co., 36 Tenn.App. 267, 254 S.W.2d 353. For a summary of the law on the question see Annotation, 31 A.L.R.2d 645. See also 8 Appleman, Insurance Law and Practice, § 4118, p. 205. The policy herein not being subject to cancellation except upon notice to the Department of Motor Transportation as required by the statute was not rendered unenforceable by the injured claimant because of the failure of the named insured to cooperate. Therefore the response did not state a defense and the judgment dismissing the complaint was in error.

The judgment is reversed.

All concur.