David C. Poorman,. Appellee, v. Fort Armstrong
Automobile Underwriters, Appellant.

Gen. No. 8,583.

Opinion filed February 23, 1933.

HINCHCLIFF, MILLER & THOMAS, for appellant;
CHARLES A. THOMAS, of counsel.

HALL & DUSHER, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the
court.

On or about December 20, 1930, David C. Poorman (appellee) recovered a judgment against one William Gonsolez in the circuit court of Winnebago county for the sum of $600 and costs for damages growing out of an automobile accident which had occurred on April 21, 1930, at or near the City of Rockford and in which the appellee was injured.

Thereafter a writ of execution was issued upon such judgment, which was ultimately returned by the sheriff indorsed "No property found."

At the time of the accident the defendant, William Gonsolez, had in force an insurance policy issued to him by the Fort Armstrong Automobile Underwriters (appellant) in which the said appellant, under the terms included in the said policy, agreed to insure the said William Gonsolez against loss by reason of the liability imposed by law upon him for damages on account of bodily injuries to . . . any person or persons not in the employ, household or relationship of the assured, by reason of the ownership, operation and maintenance or use of the automobile, to the extent of $5,000 for injury or death to one person, and $10,000 for injury or death to more than one person.

After the return of the execution, as above set forth, and to the January Term 1931, the appellee filed his creditor's bill against the appellant in the circuit court of Winnebago county, in which were alleged the injury, the judgment, the sheriff's return, the existence of the insurance policy and its terms and prayed that the defendant therein, appellant herein, be required to pay to the appellee herein the amount of said judgment, together with interest and costs.

The appellant filed its answer admitting, among other things, the existence of the policy and the various allegations in the bill of complaint, except that it denied its liability to the appellee herein; denied the receipt of the written notice; denied that it had in-

vestigated the accident and had refused to pay any sum and denied that it had been requested to defend the said William Gonsolez and pleaded certain provisions of the policy of insurance, which included a clause that the underwriter should not be liable if the motor vehicle at the time the loss occurred was being operated unlawfully and then set forth the violations of the law claimed by it to be a defense to the said policy.

The court heard the evidence and entered a decree ordering the appellant to pay the complainant, appellee herein, the sum of $676.32 and costs of suit and ordering that immediate execution issue therefore. This appeal is prosecuted to reverse such decree.

It is provided in and by the insurance contract herein "that the underwriter shall not be liable if the loss or damage . . . is the direct result of flood, etc., or if the insured motor vehicle is at the time the loss occurred, being operated unlawfully, etc."

It is contended by appellant that the complainant failed to prove that the insurance company had received notice of the accident as required by the terms of the insurance contract. The evidence in this case, however, discloses that the attorney for appellee had corresponded with the representatives of appellant relative to its liability under this policy. It further discloses that appellant refused to pay any sum upon the ground that the Gonsolez car, at the time of the accident, was being driven in a reckless manner and that therefore the appellant was not liable under the policy. This, it seems to us, is sufficient proof of actual notice of the accident to the appellant and the appellant, having repudiated its liability under the policy of insurance, was not in a position to demand service of further notice.

It is said by the appellant that the court should have allowed the defendant to introduce evidence in the

trial of this case, that the automobile, which figured in the accident, was at the time of the accident operated in violation of the law and that thereby the appellant herein should be relieved from the liability of the same.

We do not see upon what theory this evidence was pertinent to the issues. A trial had been had in a forum provided by law for that purpose and a judgment rendered according to law. The appellant could have introduced all such testimony in that case had it desired. Even after this judgment, had appellant desired, an appeal could have been had and the evidence reviewed. Appellant having had every opportunity to present the evidence in an appropriate proceeding and having failed to do so, cannot now be heard to complain of its own conduct. Appellant is bound by the judgment of the law court and courts of equity will not permit litigants to go back of the judgments entered in the law courts in such cases. (*Kinnan v. Hurst Co.*, 317 Ill. 251.)

In *Ferry v. National Motor Underwriters*, 244 Ill. App. 241, where a judgment was recovered and thereafter suit was brought against the insurance company to collect so much of the judgment as was covered by the insurance policy, the policy in that case contained the following provision: ''This policy does not cover indemnity, nor loss nor damages under the following conditions . . . . while being used, operated or engaged in 'violation of the law.'' The defendant defended it upon the ground that the automobile at the time of the accident was being driven at a greater rate of speed than was reasonable and proper. Such defense was held to be unavailable, because as said by the court on page 246: ''It is quite apparent that the plea (that car was operated in violation of law) is based on the theory that defendant in error was not entitled to recover because, at the time of the accident,

she was operating her car at an unlawful rate of speed. If the policy exempts plaintiff in error from liability in such a case it would also be exempt if the car was being driven without a registration certificate; without displaying the license number on the car; with the number covered, altered, defaced or mutilated; with a fictitious number or a number belonging to another vehicle; if the driver failed to give the right of way to another vehicle approaching from the right; if he failed to turn to the right of the center of the beaten track when meeting another vehicle; if he failed to have proper lights or failed to dim them at the proper time, etc. All of these various acts and omissions, and many others, are violations of the law. . . . We all know that nearly all automobile accidents are due to the fact that some law has been violated. If the language in question is to be construed so as to relieve plaintiff in error from liability in all cases where the insured was operating the car in violation of law at the time of the accident, the insured would have no protection in most cases. . . . The policy of insurance should not be so framed as to be susceptible of one construction in the hands of the soliciting agent, and of quite a different one in the hands of the adjuster. (*Travelers' Ins. Co. v. Dunlap,* 160 Ill. 642–647.) Contracts of insurance are construed strictly against the insurer and liberally in favor of the insured, and where two interpretations, equally reasonable, are possible, that construction should be adopted which will enable the beneficiary to recover. (*Zeman v. North American Union,* 263 Ill. 304.)''

We think the decision in that case is decisive of the question presented here.

Finding no error in the record therefore the decree of the circuit court of Winnebago county is affirmed.

*Affirmed.*