Mary E. Lachenmyer, Appellee, v. Central Mutual Insurance Company of Chicago, Appellant.

Gen. No. 8,920.

Opinion filed January 17, 1936. Rehearing denied April 7, 1936.

C. H. Swick, of Urbana, for appellant.

Schaefer & Dolan and Frank B. Leonard, all of Champaign, for appellee.

Mr. Justice Allaben delivered the opinion of the court.

On November 13, 1934, the plaintiff, Mary E. Lachenmyer, recovered a judgment against W. M. Glotfelty in the circuit court of Champaign county, Illinois, for $15,000 for injuries sustained by her in a collision between Glotfelty's taxicab number 104, serial number 9422, and an automobile in which plaintiff was riding on April 22, 1934. Thereafter she filed her complaint

in this cause against the defendant-appellant, Central Mutual Insurance Company of Chicago, setting forth the judgment, and alleging that at the time said accident happened there was in full force and effect a policy of insurance covering the defendant, Glotfelty, and the cab in question, whereby the defendant, the insurance company, was bound to pay all final judgments rendered against the said Glotfelty on account of the operation of the said cab, but not more than $5,000 for injuries sustained by any one person, and not more than $10,000 for injury to all persons in one accident, and that there was also at said time and place and covering said Glotfelty and said cab another policy of insurance whereby the insurance company bound itself to pay any judgment rendered against the defendant Glotfelty for the operation of the above mentioned cab, with a limit in amount, to the sum of $2,500. The complaint further alleged that under the terms of par. 466 (1) ch. 73, Cahill's Statutes, 1933, the plaintiff was entitled to maintain suit directly upon these policies; alleged performance of all conditions precedent required of the plaintiff and Glotfelty, and asked for judgment in the sum of $7,500, interest from the date of the entry of the judgment on November 13, 1934, and costs taxed in the suit in which judgment was recovered against Glotfelty. The answer of the defendant, Central Mutual Insurance Company of Chicago neither admitted nor denied that the policy was in full force and effect on the date of the accident; admitted that suit was brought as alleged by plaintiff; denied there was demand made on Glotfelty to pay the judgment; alleged that the law with reference to section 42a of the Motor Vehicle Act, Ill. State Bar Stats. 1935, ch. 73, ¶ 44, was unconstitutional and void; alleged that the court did not have jurisdiction of the parties defendant, nor of the subject matter; alleged that the policy or bond of $2,500, and the other policy referred

to, only insured the said Walden M. Glotfelty in the sum of $5,000 for one person, and $10,000 for two persons; admitted the recovery of the judgment on the date alleged; denied liability entirely, or if any liability, not to exceed the sum of $5,000. On these issues trial was had before the court, at which time proper proof was made of the judgment for $15,000. Policies were put in evidence. In addition Walden M. Glotfelty testified that he owned the cab that was involved in the collision, and that the cab bearing engine number 9422 was the same cab referred to in the two policies; that he called the local agent of the defendant insurance company the night of the collision, and its adjuster came down, interviewed witnesses, and hired Mr. Zwick to represent him in the common law case; that he did not retain or agree to pay either Mr. Zwick, or Judge Freeman who also appeared with Mr. Zwick in the trial of the case. He further testified that a representative of the insurance company discussed the amount of judgment of $15,000 after the same had been entered. An examination of the two policies of insurance discloses that the larger policy, that is, the policy with $5,000 and $10,000 limits, contained a limitation schedule of $5,000 for one person and $10,000 for one accident. There is no record as to the premiums, but said schedule bears the following notation: "See bonds Nos. 7533 to 7541, incl." This policy also contains the following provision: "No recovery shall be had under this policy if at the time a loss occurs there be any other insurance, whether such other insurance be valid and/or collectible or not, covering such loss, which would attach if this insurance had not been effected. Any and all provisions of this policy which are in conflict with the statutes of the State wherein this policy is issued are understood, declared and acknowledged by this Company to be amended to conform to such statutes." Also a further clause pro-

viding that insurance company, irrespective of the limit of liability, would pay all court costs and all interest accruing after entry of a judgment. It also contained the following indorsement: "In consideration of the premium charged, it is understood and agreed that the policy to which this endorsement is attached shall run concurrently with Bonds Nos. 7533 to 7541, inclusive, and shall provide insurance over and above the limit of insurance provided in said bond up to a total of $10,000.00 for injuries to or the death of more than one person in one accident." An examination of the smaller policy, Exhibit B, number A-7533, discloses it covered the period of this accident, and the cab involved therein, and contained the following provision: "This policy shall and does insure said owner against such liability for the sum of Twenty-Five Hundred Dollars ($2500.00) for each motor vehicle and liability hereunder is limited to a maximum of Two Thousand, Five Hundred Dollars ($2,500.00) for each motor vehicle covered by this policy. This policy of insurance is issued pursuant to the provisions of the motor vehicle law." No evidence was offered by the defendant. The court found for the plaintiff and against the defendant in the sum of $7,500, $15.85, costs; and interest on the sum of $7,500 from November 13, 1934, the entry of the judgment, to date, and entered a judgment in the sum of $7,601.12, and costs. A motion for new trial was thereafter denied. It is from this judgment that the defendant, Central Mutual Insurance Company of Chicago appeals, assigning as error the following: The court erred in entering judgment against defendant in the sum of $7,601.12, in allowing interest on the principal judgment, as interest was not pleaded or claimed in said declaration; in the construction of the policies, in that the court held that there were two policies, each with full liability; in not directing a verdict in favor of the defendant at the close

of all the evidence; in finding that any demand had been served on said defendant for the payment of said judgment, or any particular sum of said judgment; in assessing an excessive judgment; in not granting motion for new trial.

It is difficult to determine from the assignment of error just what appellant's complaint is. It seems to us that many matters have been argued by both appellant and appellee that have no bearing on the issues involved in this case; the argument of appellant seems to be that these two policies should be construed together, or treated as one policy and that by so doing that the policy, Exhibit A, provides only additional insurance over and above the limit of insurance provided in said bond (Exhibit B) up to a total of $10,000 for injury to or death of more than one person in one accident as provided in Clause A of the insuring agreement. To us it does not appear that it is necessary to decide that question or that if appellant's contention were true it would aid appellant in this case or in any way affect the judgment of the trial court, because there is nothing in the language of the policies, or either of them, or any of the indorsements thereon, which in any way limits the recovery of one individual on Exhibit A to $2,500. In other words, even if the sole amount of recovery on the two policies was $10,000, still one individual who had a judgment in excess of $7,500 could recover $5,000 on the large policy and $2,500 on the other. This might or might not leave $2,500, as the amount left unexhausted in the larger policy, Exhibit A, but that question is not before this court in this case. There is considerable argument concerning two judgments against the defendant, covered by this policy. There is nothing in the record to substantiate any such contention, nor is anything concerning such other judgment raised by pleadings. There is a provision in the larger policy that

the insurance company would pay over and above its policy limits, interest and costs. They were asked for in the plaintiff's complaint. No complaint is made as to the computation, and therefore, we find no error by the court as set up by the assignments of error, 1, 2 and 3. Assignment 4 is not argued, and therefore, will not be considered.

Defendant complains because the court found that a demand had been served upon the defendant for payment of the judgment. It is not necessary a notice be served on the defendant insurance company; as insurance carrier for Glotfelty it is bound by the judgment against him. (*Wold v. Glens Falls Indemnity Co.*, 269 Ill. App. 407; *Poorman v. Ft. Armstrong Automobile Underwriters*, 269 Ill. App. 466.) What we have said above applies to the complaint that the judgment is excessive, and that a new trial should be granted.

The constitutionality of the statute under which the smaller of the policies, Exhibit B, was issued, was raised in the trial court. By appeal to this court that question is waived, and will not be considered. Through the argument there seems to be running the contention that this is not a final judgment. We can find nothing in the record to justify such contention, or that there was more than one judgment against the defendant Glotfelty.

A careful examination of this record leads us to the conclusion that there was no reversible error committed by the trial court, that the finding and judgment of the trial court is correct, and therefore, its judgment is hereby affirmed.

*Judgment affirmed.*