UNDERWOOD VENEER COMPANY, Respondent, vs. LONDON GUAR-
ANTEE & ACCIDENT COMPANY, LIMITED, Appellant.

*May 26 — September 20, 1898.*

*Insurance against employers' liability: Condition precedent: "Immedi-
ate" notice.*

1. A policy insuring an employer against liability for injuries to or
   death of employees expressly provided that "upon the occurrence
   of an accident, *and also* upon receipt of notice of any claim on ac-
   count of an accident, the assured shall give immediate notice in
   writing of such accident or claim," etc. *Held*, that the giving of
   notice, both when the accident occurred and when the claim there-
   for was made, was a condition precedent which the employer was
   bound to perform in order to maintain an action on the policy,
   even though there was no forfeiture clause therein.
2. Notice of an accident, given for the first time when a claim for dam-
   ages therefor was made nine months after it occurred, is not a
   compliance with the requirement that immediate notice shall be
   given of the occurrence of an accident.

APPEAL from a judgment of the circuit court for Mara-
thon county: CHAS. V. BARDEEN, Circuit Judge. *Reversed.*

*C. H. Van Alstine*, counsel, for the appellant, argued,
among other things, that the provision of the policy in re-
spect to notice was valid and constituted a condition preced-

ent, without performance of which no recovery can be had, and notice of the accident given nine months after knowledge of the accident and injury was not a compliance with the policy. *Connell v. Milwaukee M. F. Ins. Co.* 18 Wis. 387; *Blakeley v. Phœnix Ins. Co.* 20 id. 205; *Kentzler v. Am. Mut. Acc. Asso.* 88 id. 589; *Merrill v. Travelers' Ins. Co.* 91 id. 329; *Oshkosh Match Works v. Manchester F. Ins. Co.* 92 id. 510; *LaForce v. Williams City F. Ins. Co.* 43 Mo. App. 518; *Quinlan v. Providence W. Ins. Co.* 133 N. Y. 356.

For the respondent there was a brief by *Bump, Kreutzer & Rosenberry,* and oral argument by *E. L. Bump.*

The following opinion was filed June 23, 1898:

CASSODAY, C. J. It appears from the record that during the times mentioned the plaintiff was engaged in the manufacture of veneering, and operating its veneer factory, in Wausau; that March 26, 1895, the defendant, for a valuable consideration, made, executed, and delivered to the plaintiff its policy of insurance, wherein and whereby the defendant insured the plaintiff from March 26, 1895, to March 26, 1896, against any and all liability of the plaintiff for damages, not exceeding the sum of $5,000, on account of any injuries sustained by any employee of the plaintiff, resulting from any accident which might befall such employee while actively engaged in the service of the plaintiff in connection with said business. Attached to such policy, and as a part thereof, was a rider to the effect that such insurance was against all liability of the assured for damages, not exceeding the sum stated, on account of fatal or nonfatal injuries sustained by any employee or employees of the assured resulting from any accident or accidents which might befall any of the employees while actively engaged in the service of the assured in connection with the establishment mentioned; that the company's liability for an accident resulting in injuries to, or the death of, any one employee, was limited to $5,000,

Underwood Veneer Co. vs. London Guarantee & Accident Co.

and, subject to the same limit for each employee, its total liability for an accident resulting in injuries to, or the death of, several employees, was $10,000; that the policy was based on the estimated annual wages paid by the assured, of $10,000. Such policy was issued and accepted "subject to the agreements and conditions indorsed" thereon. Among such agreements and conditions are the following: "Upon the occurrence of an accident, *and also* upon receipt of notice of any claim on account of an accident, the assured shall give immediate notice in writing of such accident or claim, with the fullest information available, to the general manager of the company for the United States of America, in the city of Chicago, Illinois, or to the agent, if any, providing he is still acting for the company, who shall have countersigned this policy. The assured shall from time to time, and at all times, furnish such additional information in relation to the accident as the company may require."

It further appears from the record that August 24, 1895, one George A. Bishop, while in the employ of the plaintiff, was severely scalded, burned, and injured, so that he was unable to perform any manual labor; that May 23, 1896, Bishop, for the first time, made claim for damages from the plaintiff on account of the occurrence of such accident; and also, for the first time, the plaintiff notified the defendant that Bishop had made such claim for damages; that June 8, 1896, the plaintiff further notified the defendant, on its blanks, of such occurrence of the accident, and of such claim having been made for damages; that September 7, 1896, Bishop sued the plaintiff, and the plaintiff on the next day tendered the defense to the defendant; that the defendant declined and refused to defend the action, and denied all liability; that January 28, 1897, Bishop recovered judgment against the plaintiff for $1,078.10 damages and costs; that January 29, 1897, the plaintiff notified the defendant of the rendition of such judgment, and that its expenses in defending the ac-

tion were $327.51, making $1,405.61; that the defendant refused to pay the same, or any part thereof.

On March 21, 1897, the plaintiff commenced this action to collect the amount stated, and alleged in its complaint, in effect, the facts stated. Issue being joined, the action was tried, and the court found, in effect, the facts stated, and rendered judgment thereon in favor of the plaintiff and against the defendant for $1,405.61, with interest. From the judgment so entered the defendant brings this appeal.

After careful consideration, we are constrained to hold that the conditions indorsed upon the policy, and quoted above, were conditions precedent. The policy expressly states that it was "subject to the agreements and conditions indorsed" thereon. Such conditions expressly required the plaintiff, "upon the occurrence of an accident," to "give immediate notice in writing of such accident," etc. The reason for requiring such notice is obvious. It was to enable the defendant to investigate the facts and circumstances of the accident while they were fresh in mind, with the view of settling the loss in case it should be so advised, and, in case of a contest, to be prepared to defend the same as stipulated in the policy. Accordingly the plaintiff was thereby expressly precluded from settling any claim or incurring any expense, without the consent of the defendant, except in case of absolute necessity. These things made it important for the defendant to be notified immediately, not only of the occurrence of the accident, but "also" that a claim for damages had been made by the injured person on account of the accident. The words "and also," in the conditions quoted, pretty clearly indicate that such notice of "the occurrence of the accident" was to be followed by a further or additional notice of any claim made for damages, and each such notice was to be given immediately as therein required. In the two cases relied upon by counsel for the plaintiff, the condition did not contain the word "also," and in that re-

spect the cases are distinguished from the one at bar. *Anoka L. Co. v. Fidelity & C. Co.* 63 Minn. 286; *Grand Rapids E. L. & P. Co. v. Fidelity & C. Co.* 111 Mich. 148. Certainly we cannot hold, under the conditions in this policy, that the notice of the claim for damages, made for the first time nine months after the accident, satisfied the requirement that immediate notice should be given of "the occurrence of the accident;" nor can we hold that such requirement was not a condition precedent; nor can we hold that such notice of the accident, given for the first time nine months after the occurrence of the accident, was an "immediate notice," within the condition quoted, as those words have been repeatedly construed by this court. *Kentzler v. Am. Mut. Acc. Asso.* 88 Wis. 589. True, there is no forfeiture clause in the contract. Nevertheless the plaintiff, in order to maintain this action, was bound to perform such condition precedent.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.

BARDEEN, J., took no part.

Upon a motion for a rehearing counsel for the respondent contended, *inter alia*, that even though notice of the occurrence of the accident was a condition precedent, it will not prevent the plaintiff from maintaining this action, in the absence of any provision in the policy that such a result shall follow such failure. *Vangindertaelen v. Phenix Ins. Co.* 82 Wis. 112; *Flatley v. Phenix Ins. Co.* 95 id. 618; *Blakeley v. Phœnix Ins. Co.* 20 id. 205; *Harriman v. Queen Ins. Co.* 49 id. 71, 81; *Engebretson v. Hekla F. Ins. Co.* 58 id. 301; *Bank of River Falls v. German Am. Ins. Co.* 72 id. 537; *Butternut Mfg. Co. v. Manufacturers' M. F. Ins. Co.* 78 id. 208. Forfeitures will not be enforced except upon the clearest evidence that such is the meaning of the contract.

*Schunck v. Gegenseitiger W. & W. Fond,* 44 Wis. 369; *Hull*
*v. N. W. M. F. Ins. Co.* 39 id. 398; *Wolters v. Western Ass.*
*Co.* 95 id. 265.

The motion was denied September 20, 1898.