PATRICK H. ROONEY *vs.* MARYLAND CASUALTY COMPANY.

Norfolk.    March 6, 1903. — June 19, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Insurance, Against liability.   Waiver.   Words,* "Immediate."

A provision, in a policy of insurance against liability to persons injured by the operation of the business of the assured, that the assured upon the occurrence of an accident shall give immediate notice thereof in writing, is not complied with by a notice in writing mailed twenty-three days after the accident and twenty-two days after it was known to the assured.

If the assured, under a policy of insurance against liability to persons injured by the operation of his business, gives notice in writing of an accident for which he is liable, too late to comply with a condition of the policy requiring immediate notice, and if the notice is addressed to and received by the attorneys of the insurance company who investigate the circumstances of the accident and unsuccessfully try to settle for a small sum with the person injured and ask the assured for a written report of the accident which they receive, and if thereafter they send the notice of the accident to the insurance company which on the next day instructs them to disclaim liability, these facts are no evidence of a waiver on the part of the insurance company of the breach of the condition in the policy requiring immediate notice in writing of the accident, and no evidence of any loss or injury to which the assured was subjected by the course pursued in behalf of the company.

CONTRACT, by a sewer contractor, on a policy of insurance insuring him against loss from common law or statutory liability for damages on account of bodily injuries accidentally suffered by any person or persons not employed by the assured, caused by the negligence of the assured and resulting from the operation of the trade or business described in the application, alleging that the plaintiff had settled an action brought by one Mrs. Gallagher against the town of Hyde Park, and incurred legal expenses connected therewith, for which he was entitled to indemnity under the policy.   Writ dated October 31, 1900.

In the Superior Court the case was tried before *Mason,* C. J., who ruled that the action could not be maintained, and subject to the plaintiff's exception directed a verdict for the defendant. At the request of the parties he reported the case for determination by this court.   If the rulings reported were right, judgment was to be entered on the verdict; otherwise, judgment was

to be entered for the plaintiff in the sum of $975 with interest from the date of the writ.

*S. H. Tyng*, (*E. S. Fellows* with him,) for the plaintiff.

*T. E. Grover*, (*C. S. Knowles* with him,) for the defendant.

BARKER, J.   One stipulation of the policy is that " The assured, upon the occurrence of an accident, shall give immediate notice thereof in writing with full particulars to the home office of the company at Baltimore, Md., or to its authorized agents. He shall give like notice, with full particulars of any claim which may be made on account of such accident."

The accident on account of which the suit is brought happened on November 5, and the plaintiff knew of it on November 6, but the first written notice of it which he sent to any person was his letter of November 28.   The only acts which he did tending to give notice before that date was to go to the office of Houston, the person from whom he had received the policy and to whom he had paid the premium, and to tell him that there had been an accident upon the work and to notify a physician.   We think that there was no evidence admitted or offered which in view of the state of facts would have justified a finding that the plaintiff had complied with the stipulation that upon the occurrence of an accident he should give immediate notice thereof in writing.   His omission to give any written notice whatever for more than three weeks after he had information of the accident distinguishes the case from that of *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173, where the assured gave notice four days after receiving information of the accident and eighteen days after it had occurred.

The other question for consideration is that of waiver of the requirement for immediate notice, and with reference to this question the plaintiff's exceptions to the exclusion of evidence though not argued are insisted upon.

The letter of December 1, 1899, from the defendant's Boston attorneys at law to their client was properly excluded as a privileged communication between attorney and client.   Those of December 4, 1899, and of October 22, 1901, were properly excluded for the same reason.   The letter of May 26, 1900, we assume to have been from the Boston attorneys at law of the defendant to the attorney of the plaintiff and had no tendency

to show that the writers were acting in any capacity other than that of attorneys at law retained by the defendant to advise them and conduct their defence to the claim made under the policy by the present plaintiff, and the exclusion of the letter worked no detriment to him upon the question of waiver of the required written notice.

The other exception as to evidence is to the exclusion of an offer to show that the defendant's attorneys in Boston had received from it a set of answers to interrogatories filed by the plaintiff prior to the set of answers which were filed in court, and also to show what the contents of the prior answers were, but the offer does not disclose to us what those contents were. The offer we think was rightly excluded, both because it could not be admitted without compelling the disclosure of privileged communications between attorney and client, and because the offer does not show that the evidence would have been material.

The substantial circumstances bearing upon the question of waiver, as shown in the evidence and offer of proof, are that after a complete failure to give immediate notice in writing the plaintiff on the twenty-third day after the accident and the twenty-second day after he had knowledge of it sent a written notice of it to the Boston attorneys of the defendant. The latter received this notice from its attorneys on December 11, and on the next day instructed them to disclaim liability, which was done on December 15 or 16. In the meantime between November 29 and December 7 the attorneys had been investigating the circumstances of the accident and unsuccessfully endeavoring to settle for a small sum with the person injured, and had requested the plaintiff to make to themselves and had received from him a written report of the accident.

In all this we can discover no intention on the part of the defendant to waive the breach of the condition for immediate written notice of the accident and no evidence of any loss or injury to which the plaintiff was exposed or subjected by the course pursued by or on behalf of the defendant. We think the verdict for the defendant was right.

*Judgment to be entered on the verdict.*