[No. 5014.   Decided October 5, 1904.]

DEER TRAIL CONSOLIDATED MINING COMPANY *et al., Respondents,* v. MARYLAND CASUALTY COMPANY OF BALTIMORE, MD., *Appellant.*[1]

INDEMNITY—EMPLOYER'S LIABILITY INSURANCE—POLICY REQUIRING IMMEDIATE NOTICE OF ACCIDENT—DELAY—INSUFFICIENT EXCUSE. Where a policy of insurance indemnifying an employer against liability to servants provides for immediate notice of the accident, a delay of eight months in giving the notice vitiates the policy, and the delay is not excused by the fact that one of the assured parties did not know of the accident, and the other did not know of the existence of the policy.

SAME—WAIVER OF NOTICE OF ACCIDENT—EVIDENCE OF WAIVER— SUFFICIENCY. Wavier of a provision in an employer's liability

[1]Reported in 78 Pac. 135.

policy of insurance requiring immediate notice of the accident is not shown by evidence to the effect that the attorneys for the assured called on the general agents of the company eight months after the accident, and in answer to inquiries stated that no notice had been given because they had had no previous notice of the accident (one of the assured having had notice of the accident but not of the policy), and that thereupon the agents stated that, if so, notice would have been impossible, and that notice must be furnished as soon as possible, that a time was mentioned, which the agents said would be soon enough, and later furnished blanks for the purpose, which were filled up and delivered to the agents.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered August 3, 1903, upon the verdict of a jury rendered in favor of the plaintiff in an action upon an employer's liability insurance policy. Reversed.

*Danson & Huneke,* for appellant.

*Tolman & Kimball* and *Happy & Hindman,* for respondents, contended, among other things, that forfeitures are not favored and courts are prompt to seize hold of any circumstances indicating a waiver by the company. *Fraisier v. New Zealand Ins. Co.,* 39 Ore. 342, 64 Pac. 814; *Hollis v. State Ins. Co.,* 65 Iowa 454, 21 N. W. 774; *Insurance Co. v. Eggleston,* 96 U. S. 577; *Insurance Co. r. Norton,* 96 U. S. 239; *Hudson v. Northern Pac. R. Co.,* 92 Iowa 231, 60 N. W. 608, 54 Am. St. 550. Any act inconsistent with an intent to rely on the forfeiture is sufficient. *Phoenix Mutual Life Ins. Co. v. Doster,* 106 U. S. 30, 1 Sup. Ct. 18; *Lyon v. Traveler's Ins. Co.,* 55 Mich. 141, 20 N. W. 829, 54 Am. St. 354; *Dibbrell v. Georgia etc. Ins. Co.,* 110 N. C. 193, 14 S. E. 786, 28 Am. St. 678; *Trippe v. Provident etc. Soc.,* 140 N. Y. 23, 35 N. E. 316, 37 Am. St. 529; *Dwelling-House Ins. Co. v. Dowdall,* 159 Ill. 179, 42 N. E. 606;

*Mix v. Royal Ins. Co.,* 169 Pa. St. 639, 32 Atl. 460; *Kingman v. Lancashire Ins. Co.,* 54 S. C. 599, 32 S. E. 762; *New York Life Ins. Co. v. Baker,* 83 Fed. 647; *Smith v. St. Paul etc. Ins. Co.,* 3 Dakota 80, 13 N. W. 355. Demanding proof of loss waives the breach. 16 Am. & Eng. Ency. Law, 941, and cases cited. Waiver may be made by such acts after the time has elapsed. *Union etc. Co. v. Mondy* (Colo.), 71 Pac. 680; *Goodwin v. Mass. etc. Ins. Co.,* 73 N. Y. 480; *Shelden v. National etc. Asso.,* 122 Mich. 403, 81 N. W. 266; *Moore v. Wildey etc. Co.,* 176 Mass. 418, 57 N. E. 673; *Searle v. Dwelling-House Ins. Co.,* 152 Mass. 263, 25 N. E. 290. The contract is to be construed under the rules applicable to other insurance policies, and most strongly against the company. *Remington v. Fidelity etc. Co.,* 27 Wash. 429, 67 Pac. 992. The question of whether notice was given immediately is a question of fact for the jury, under all the circumstances surrounding this particular transaction. *Munz v. Standard etc. Ins. Co.,* 26 Utah 69, 72 Pac. 182; *Horsfall v. Pacific etc. Ins. Co.,* 32 Wash. 132, 72 Pac. 1028; *Woodmen's Acc. Asso. v. Byers,* 62 Neb. 673, 87 N. W. 546, 89 Am. St. 777; *Carey v. Farmer's Ins. Co.,* 27 Ore. 146, 10 Pac. 91; *Remington v. Fidelity etc. Co., supra; Knickerbocker Ins. Co. v. Gould,* 80 Ill. 388; *People's Acc. Asso. v. Smith,* 126 Pa. St. 317, 17 Atl. 605, 12 Am. St. 870; *Kentzler v. American etc. Asso.,* 88 Wis. 589, 60 N. W. 1002, 43 Am. St. 934. The respondent Deer Trail Consolidated Mining Company had no knowledge of the accident, and this would excuse that company from giving notice. *McElroy v. John Hancock etc. Ins. Co.,* 88 Md. 137, 41 Atl. 112, 71 Am. St. 400; *Phillips v. United States etc. Soc.,* 120 Mich. 142, 79 N. W. 1; *Trippe v. Provident etc. Soc., supra.* And the Yarwoods had no

notice or knowledge of the issuance of the insurance policy, and they were also excused. *Konrad v. Union etc. Co.,* 49 La. Ann. 636, 21 South. 721.

MOUNT, J.—In the years 1900 and 1901 the respondents were the owners of certain mines in Lincoln county, Washington. The respondents Yarwood brothers were operating these mines, and the net proceeds thereof were divided equally between the Yarwood brothers and the Deer Trail Consolidated Mining Company. On March 20, 1900, the Deer Trail Consolidated Mining Company applied to the appellant for an indemnity insurance contract in favor of itself and the Yarwood brothers. This contract was issued by appellant in favor of the respondents, indemnifying them, for ·the period of one year, against loss from statutory and common law liability for damages on account of bodily injury suffered by any employee of the assured. It was delivered to the Deer Trail Consolidated Mining Company, and the premium paid. The Yarwood brothers were not informed, and did not know, of the contract of insurance.

On the 19th day of May, 1900, one Nels Johnson, while in the employ of respondents, and while performing his duty as such employee, was injured through the negligence of respondents. W. J. Yarwood was general manager of the mines at the time of the injury, but he did not know of the injury, and did not hear thereof for several days after it .had happened. When he heard of it, he went to Johnson and asked him if he was hurt. Johnson replied: "My thumb is sore yet, but I will get to work in a day or two." A few days after this Johnson went to work in the mine, and continued to work until the mine closed down in September following. During the time he was working he made no complaint on account of

being injured. Yarwood did not know of the existence of the policy of insurance, and did not notify the Deer Trail Consolidated Mining Company of the accident.

In January, 1901, Johnson commenced an action against respondents to recover damages for his injuries. This was the first time he had made any claim for his injuries. The complaint was served on the Deer Trail Consolidated Mining Company on January 22, 1901. On the same day, P. A. Daggett & Co., the local agents of the appellant, were notified of the action, and requested to defend the same, which they refused to do. The respondents thereupon defended the action, and subsequently a judgment was rendered against them, in favor of Johnson, for $1,717.60. Respondents paid this judgment in favor of Johnson, and also paid costs of defending the action, amounting to $268.85, in addition to the amount of the judgment named. Respondents thereupon brought this action against appellant upon the contract of insurance.

The complaint sets out a copy of the policy, alleges its execution and delivery on March 20, 1900, and the payment of the premium. It alleges the injury to Johnson on May 19, 1900, while he was in the employ of respondents; that the injury was not known to the Deer Trail Consolidated Mining Company until January 21, 1901, and that Yarwood did not know of the insurance until January 22, 1901; that respondents did not know that Johnson intended to make any claim for damages until that time; that Johnson, on January 21, 1901, commenced an action for $2,000 damages against respondents; that thereupon respondents notified appellant thereof, and that appellant thereupon agreed to, and did, extend the time for giving notice of the accident to January 28, 1901, and furnished blanks to respondents for that purpose; that, relying upon this extension of time, respondents, at great

trouble and an expense of $50, gave a written notice to appellant on January 28, 1901. The complaint also alleges that Daggett & Co. are the general agents of the appellant, authorized to issue and settle policies of insurance, and that, knowing the facts, they extended the time for giving notice of the accident, and authorized the attorneys for the appellant to appear in the action of Johnson v. Yarwood Brothers and the Deer Trail Consolidated Mining Company; and that said attorneys thereupon did appear in said cause, and filed a motion requiring said Johnson to give a bond as security for costs; that thereafter appellant refused to proceed further in said case. The complaint then alleges that Johnson obtained a judgment against respondents, and the payment thereof. The appellant appeared, and demurred to the complaint. This demurrer was overruled; whereupon appellant filed an answer, denying any liability under the policy of insurance. Upon a trial of the cause to a court and jury, a verdict was returned for the full amount claimed, and judgment was entered upon the verdict.

Appellant defended the action in the lower court upon the ground that no notice had been given of the accident, according to the terms of the policy, and that there had been no waiver of the notice. Upon this appeal they rely on the same points. The contract sued on provides, among other things, as follows:

"This insurance is subject to the following conditions, which are to be construed as conditions precedent of this contract: 1. The assured, upon the occurrence of an accident, shall give immediate notice thereof in writing with the full particulars to the home office of the company at Baltimore, Md., or to its duly authorized agent. . . 10. An agent has no authority to change this policy or to waive any of its provisions, nor shall notice to any agent or knowledge of his or of any other person be held to effect

a waiver or change in this contract, or in any part of it. No change whatever in this policy nor waiver of any of its provisions shall be valid unless an endorsement is added hereto, signed by the president or secretary of the company, at its home office, expressing such waiver or change."

It is conceded that the accident occurred on May 19, 1900, and that no notice thereof was given to the appellant until January 21, 1901. The excuse offered in the complaint, and by the witnesses, for this failure to give notice, was that the Yarwood brothers, who had charge of the mine and the men working therein, had no knowledge or notice of the policy. The Deer Trail Consolidated Mining Company, which procured the policy, had no notice of the accident. This condition of affairs was brought about solely by the neglect of one of the insured to notify the others of the contract, and, as a matter of course, is no excuse for failure to notify the appellant of the accident according to the terms of the policy. This court has heretofore held that "immediate notice," in policies of this kind, means notice within a reasonable time. *Remington v. Fidelity & Deposit Co.,* 27 Wash. 429, 67 Pac. 989; *Kleebe v. Long-Bell Lumber Co.,* 27 Wash. 648; 68 Pac. 202; *Horsfall v. Pacific etc. Ins. Co.,* 32 Wash. 132, 72 Pac. 1028, 63 L. R. A. 425. Under this rule we think the lower court properly held that eight months was not within a reasonable time, and that respondents did not comply with this requirement of the policy, which was a reasonable one for appellant's protection and benefit.

The respondent's evidence upon the question of the waiver of the notice was given by Mr. Kimball, one of respondents' attorneys, and is as follows:

"I went to the office of P. A. Daggett & Co., general managers of the Maryland Casualty Company, taking the complaint with me. In the meantime I had looked up the

number of the policies which the Deer Trail Consolidated Mining Company held, and I went down to report to them that we had been sued upon an accident policy, which was alleged to have happened in May previous, and we took the complaint and went over it, and looked up the dates and descriptions, and Mr. Daggett asked me if any proof of this accident had been sent in, and I told him not to my knowledge had there been any sent in. . . As I say, I told Mr. Daggett to the best of my knowledge there had been no proof of this accident furnished this company, and there was no papers in my possession, or in Mr. Tolman's possession as general manager, speaking of any accident of this kind; that it was absolutely unknown in our office, and that this was the first advice or knowledge of the accident that had been brought to our knowledge, and Mr. Daggett made this statement: 'Well, if you didn't know about it you couldn't very well make a report of the accident, and we must get in a report as soon as possible.' . . . We took the complaint and went over it carefully as to the dates and everything else, so as to acquaint ourselves as best we could of the nature of the claim, and the history of the injury, as alleged by Mr. Johnson. . . . Mr. Daggett stated that Messrs. Danson & Huneke were attorneys for the company, and that they would defend the action, and told me I had better see them and acquaint them with the facts. I left the complaint with P. A. Daggett & Co., and the next morning I went to the office of Danson & Huneke and found the complaint in their possession. . . . As I stated a moment ago, Mr. Daggett said: 'You could not very well make proof of the accident without knowing about it, and we must get in proof as soon as possible,' and he asked me when I could furnish proof, and I said that we would have to correspond with the people at the mine, and then I told him that Mr. Leyson, the foreman and superintendent, would be down here on the 28th or 29th of January, and that I would write to him at once, and have him ascertain all the facts so that we could make out proof of the accident at the time, and he says, 'Very well, that will be soon enough.' "

The testimony of this same witness shows that subsequently, on the 28th day of January, he notified Mr. Daggett that Mr. Leyson had come to Spokane, and that thereupon Mr. Daggett went to Mr. · Kimball's office with blanks, which were filled out upon information furnished by Mr. Leyson, and that Mr. Daggett took a copy away with him. This is all the evidence on the part of the respondents to show a waiver of the provision for immediate notice of an accident. Mr. Daggett, for the appellant, denied the statements attributed to him.

Before the cause was submitted to the jury, the appellant moved the court for a directed verdict, upon the ground that the evidence of the respondents failed to show a waiver. This motion should have been granted. Assuming that the evidence given by Mr. Kimball was true, it was clearly insufficient to show a waiver on the part of the company. The statement of Mr. Daggett, "Very well, that will be soon enough," when taken in connection with the rest of the conversation, cannot be reasonably interpreted to mean that the company thereby waived its right to have notice of the accident within a reasonable time after it had happened. What he said clearly meant that, if the proof or statement of Mr. Leyson were furnished by the 28th or 29th, it would do as well then as at the date of the conversation, which was on January 22. Eight months had already expired since the accident, without any reasonable excuse for not complying with the terms of the policy. It was too late, on January 22, to give the notice. The respondents were then in default. The conversation with Daggett, even if relied upon, caused no injury to the respondents which they had not already suffered. We think there is nothing in this evidence to show any intent to waive the time for giving the notice, or to

waive any right of the company under the policy. If the respondents had actually made out their notice of the accident and handed it to Mr. Daggett, the agent of the company on January 22, 1901, the fact that he received the notice for the company would certainly not be held to be a waiver of the right of the company to defend against the policy upon the ground that notice had not been given within a reasonable time. The most that can be claimed for the evidence above set out is that notice of the accident was given to the company on January 22, the date of the conversation. The lower court rightfully held that this did not comply with the requirements of the policy. He should have held, also, that the evidence failed to show a waiver of the time for notice of the accident. .

The judgment is therefore reversed, with instructions to dismiss the action.

FULLERTON, C. J., and HADLEY and ANDERS, JJ., concur.