## JAMISON v. NEW AMSTERDAM CAS. CO.—254 S. W. (2d) 353.

Middle Section.   October 30, 1952.

Petition for Certiorari denied by Supreme Court, January 15, 1953.

268

Lurton Goodpasture and John M. Cate, of Nashville, for appellant.

J. E. Travis, of Nashville, for appellee.

FELTS, J. Complainant was struck and injured on a street in Nashville by a taxicab owned and operated by L. Martin Eden, doing business as City Cab Company. He recovered a judgment in the Circuit Court against the company for $4,000 for his injuries. The judgment was not paid and execution was returned nulla bona. To collect the judgment, he brought the present suit against defendant on a policy by which it had insured the cab

company against liability for such injuries as complainant had sustained.

The policy was issued and filed with the city clerk of Nashville, pursuant to a city ordinance, which required operators of taxicabs to carry insurance covering liability for negligence in the operation of cabs, and provided that the policy should stipulate that any person who had recovered such a judgment should have a right of action on the policy in the event the operator did not pay the judgment within thirty days.

The policy was in form the usual automobile liability policy. It contained the familiar provisions that the insured should give notice of accident and of claim or suit and should cooperate with the insurer and assist in settlement or defense of any claim or suit, and that no action should lie against the insurer unless, as a condition precedent thereto, the insured had fully complied with all the terms of the policy.

The Chancellor found no notice of the accident was given to the defendant insurer; that it had no notice of the suit until after final judgment had been entered; and that by reason of these breaches of the conditions this suit would not lie. He accordingly entered a decree dismissing the suit. Complainant appealed.

Complainant contends that there is no evidence to support the Chancellor's findings, that he should have found that defendant was given notice of the accident immediately after it occurred, and that, moreover, defendant had waived the requirement for notice by entering into an arrangement with the cab company at the time it issued the policy for the cab company's attorney to look after all matters relating to this insurance.

There is little or no dispute of fact. All the evidence was embraced in stipulations as to what the witnesses, if called, would testify. It appears the policy in suit was issued June 16, 1949, to run to June 16, 1950. The accident happened October 18, 1949, and on October 23, 1949, complainant sued the cab company and its driver. On November 29, 1950, the case was tried and he recovered a verdict and judgment against them for $4,000. Their motion for a new trial was overruled February 9, 1950. There was no appeal from the judgment.

Defendant insurer had a local agent and a local attorney. No notice was given either to this agent or to this attorney. The attorney first learned of the accident and the suit in January, 1951, after the final judgment, when he was notified by letter from one of complainant's attorneys. No notice of the accident was given defendant at its home office. It is stipulated that the head of defendant's claim department, and its claim examiner handling the file in this case, would testify that the claim department had no knowledge of the accident or suit until they were notified by defendant's local attorney January 15, 1951.

It appears that Mr. Wiley C. Wilson, Jr., then a member of the Nashville Bar, was the attorney of the cab company and represented it and its driver in the Circuit Court suit. No other attorney participated with him in the defense of that suit. His affidavit, stipulated to be what he would testify, states that he did not report the accident or the suit and that he was advised by L. Martin Eden that she had reported the accident to the insurer. She states, however, that she relied on him to make the report.

■ So we concur with the Chancellor's finding that no notice of the accident was given defendant and that it had no notice or knowledge of complainant's damage suit against the cab company until after the entry of the final judgment in that case.

Complainant insists that defendant waived the requirement for notice by entering into an arrangement with the cab company, at the time it issued the policy, for the attorney of that company to represent the defendant insurer in matters relating to this insurance. This insistence is based on a statement made by L. Martin Eden, as follows:

"In 1948 our insurance was placed with New Amsterdam Casualty Company. At that time my Attorney Wiley C. Wilson, Jr. had several telephone conversations with Mr. Carlos Bozair and Mr. Davis at the Home Office in Baltimore, Md. telling Mr. Bozair that he would look after anything concerning our insurance."

■ This affords no support for complainant's insistence. It merely states that the attorney told these home office representatives of defendant that he "would look after anything concerning our insurance." But it does not show that defendant employed him or authorized him to represent it in any matter. Mr. Wilson's affidavit makes it clear that he did not understand that he was authorized to represent defendant and that he did not undertake to do so.

■■ The general rule is that policy provisions requiring the giving of notice of accident and of claim or suit and requiring cooperation by the insured in the defense or settlement of such claim or suit, such as those in the policy here sued on, are conditions precedent,

failure to perform which, in the absence of waiver or estoppel, constitutes a defense to liability on the policy. Such a defense is available alike against an action by the insured and an action by a third person injured in an accident. Such third person's rights are derivative, rising no higher than those of the insured under the contract. Horton v. Employers' Liability Assurance Corp., 179 Tenn. 220, 224-225, 164 S. W. (2d) 1016; Hartford Accident & Indemnity Co. v. Partridge, 183 Tenn. 310, 314-315, 192 S. W. (2d) 701.

Complainant, however, insists that this case is an exception to this general rule; that since complainant is an injured third party whom the insurance was meant to protect, these conditions are not binding upon him; and that he is entitled to recover the amount of his judgment on the policy without regard to whether the insured performed such conditions or not. This insistence is based upon the city ordinance above referred to, section 6 of Chapter 34 of the City Code, the part relied on being as follows:

"No permit shall be granted for the operation of taxicabs whether such taxicabs were in operation on February 1, 1933, or not, until the owner thereof shall have first filed with the city clerk for each and every vehicle so operated or employed, a liability insurance policy of some public liability insurance company authorized to do business in the State of Tennessee and approved by the taxicab licensing board, which liability insurance policy shall be issued to the person operating such taxicab and shall provide for the payment of any final judgment, not to exceed the sum of five thousand dollars for injury to more than one person in any one accident, and of one thousand dol-

lars for property damage that may be rendered against such person operating such taxicab, for damage to the person or property resulting from accident or collision arising out of or occurring by reason of the careless or negligent operation of such vehicle. The policy shall stipulate that any person who may recover such final judgment for damages, as aforesaid, shall have a right of action on the policy in the event the operator of the taxicab does not pay the same within thirty days.''

It will be observed that this ordinance makes two requirements: (1) it requires the operator of a taxicab to procure a liability insurance policy and file it with the clerk, and (2) it requires that that policy should stipulate that any person who may recover a final judgment for damages for the negligent operation of such taxicab shall have a right of action on the policy in the event the operator of the taxicab does not pay such judgment within thirty days.

Thus there is nothing in the ordinance inconsistent with the conditions of the policy that the insured shall give the insurer notice of accident and of claim or suit and that he shall cooperate and assist in the settlement or defense of such claim or suit. The ordinance requires that the taxicab operator shall carry a liability insurance policy but does not prevent the policy from containing these conditions which are common to such insurance. Neither are such conditions precluded by the provision that the policy shall stipulate that one who has an unsatisfied judgment for negligent operation of a taxicab ''*shall have a right of action on the policy.*'' This means all the provisions of the policy including such conditions.

While this ordinance compels the taxicab operator to carry liability insurance, it does not prescribe the terms of the policy, except in the one particular above stated, and does not provide that the insured's default shall not bar a judgment creditor's right of recovery upon the policy, as some compulsory liability statutes do, for instance, that of Massachusetts. See Sheldon v. Bennett, 282 Mass. 240, 184 N. E. 722; Annotation, 98 A. L. R. 1485; Cf. Coleman v. New Amsterdam Casualty Co., 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1443; George v. Employers' Liability Assurance Corp., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438.

■ For these reasons, we think that the breaches of conditions precedent to liability precluded complainant's right to recover on this policy. A decree will be entered here affirming the Chancellor's decree, dismissing the suit, and taxing the costs against complainant and the sureties on his cost bond. Gulf Refining Co. v. Frazier, 15 Tenn. App. 662, 704; Summers v. Bond-Chadwell Co., 24 Tenn. App. 357, 383, 145 S. W. (2d) 7.

Howell and Hickerson, JJ., concur.