I. D. BARFIELD, Complainant-Appellant, v.
INSURANCE COMPANY OF NORTH AMERICA,
Defendant-Appellee.—443 S.W.2d 482.

Middle Section. December 6, 1968.

Rehearing Denied January 24, 1969.

Certiorari Denied by Supreme Court July 7, 1969.

632

Vincent Cason and Vester Neal Agee, Lebanon, for complainant-appellant.

John K. Maddin, Jr., of Gracey, Buck, Maddin & Cowan, Nashville, for defendant-appellee.

PURYEAR, J. This case involves the right of an injured motorist to recover from his insurer under the uninsured motorists coverage provisions of a liability insurance policy.

On the 13th day of September, 1963, the complainant, I. D. Barfield, was operating an automobile traveling east on Highway 70N between Nashville and Lebanon, Tennessee, at which time the complainant was following a truck, described by complainant as a dump truck that is normally used to haul gravel.

While complainant was thus following the truck, a stone was propelled to the rear by one of the rear wheels of such truck, striking the windshield of the automobile complainant was operating, penetrating such windshield and striking complainant in the right eye, as a result of which he lost the sight of such eye.

Complainant was momentarily dazed by this injury, but he managed to steer his automobile over to the side of the highway and stop it, whereupon some person from

a nearby restaurant came to his aid and summoned an ambulance.

With the exception of the complainant, no person saw the truck and it was never identified by the complainant or anyone else. Neither has the driver of such truck been identified, because he did not stop at the scene of the accident.

At the time of such accident, complainant was insured under the provisions of a certain automobile liability insurance policy issued by the defendant, Insurance Company of North America, which policy contained uninsured motorists coverage providing as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration." (Page 5 Ins. policy)

Under "DEFINITIONS" the uninsured motorists provisions of the policy describe an uninsured automobile as including "a hit-and-run automobile"

Further, under the heading of "DEFINITIONS" a "hit-and-run automobile" is described as meaning "an automobile which causes bodily injury to an insured

arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident provided:

"(a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile.'

(b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against, a person or persons whose identity is unascertainable, and setting forth the facts in support thereof: and

(c) at the company's request the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Page 6 Ins. Policy)

The policy further provides that the limit of liability for injury to each person under the uninsured motorists coverage is $10,000.00.

From the scene of accident, the complainant was transported to a hospital in Lebanon by an ambulance driven by one Jackie Partlow. Upon arrival at the hospital, he was examined by a local physician.

On the day of the accident, at about 8:00 P.M. in the evening, complainant went from the hospital to the office of Doctor G. Allen Lawrence in Nashville, Tennessee, at which time Doctor Lawrence examined and proceeded to treat the injury to his eye. Unfortunately,

however, complainant later lost the sight of his eye as result of such injury.

Complainant did not report the occurrence of this accident to any police officer, judicial or peace officer or to the Commissioner of Motor Vehicles, although he did report the accident to defendant by giving defendant written notice thereof about eleven days after such accident.

On February 23, 1966, complainant filed a bill in this case alleging the injury, the existence of such aforementioned insurance policy and alleging that the unidentified truck which caused the injury was not equipped with mudflaps on the rear wheels thereof as required by law. On May 5, 1966, complainant filed an amendment to the bill alleging that said truck had a carrying capacity in excess of 3,000 pounds and was not equipped with rear mudguards, mudflaps or rear fenders as required by T.C.A. 59-928, which provides as follows:

"59-928. *Mudguards on trucks.*—No person shall operate upon a public highway or street any motor vehicle or combination of vehicles having a carrying capacity in excess of three thousand (3,000) pounds, which motor vehicle or combination of vehicles is not equipped with rear fenders, mudflaps or mudguards which shall be of such size as will substantially prevent the projection of rocks, dirt, water or other substances to the rear. Such fenders, flaps or guards shall be of a type approved by the commissioner of safety.

This section shall have no application to farm vehicles, or vehicles used by farmers to haul produce from farm to market, nor shall it apply to vehicles used exclusively for hauling logs.

Any person, firm or corporation violating the provisions of this section shall be guilty of a misdemeanor which shall be punishable by a fine of not less than ten dollars ($10.00) nor more than fifty dollars ($50.00)."

Complainant further alleged in such amendment to his bill that the unidentified truck was a large dump truck and was not a farm vehicle or a vehicle used by farmers to haul produce from home to market nor was it a vehicle used for hauling logs and that complainant's injury resulted from negligence of the owner and/or driver of said truck violating Section 59-928 T.C.A.

To the bill, as amended, the defendant first filed a demurrer, which demurrer was overruled, and the defendant thereafter filed an answer alleging that it had no knowledge of the facts alleged in the bill, with the exception of the issuance of the insurance policy, which was admitted.

In such answer, the defendant further denied that T.C.A. 59-928 was applicable, denied that the complainant lost the vision of his eye and denied that the complainant complied with any of the provisions of the insurance policy relative to any claim thereunder.

In said answer, the defendant also affirmatively alleged that the complainant was not entitled to recover under the insurance policy for the following reasons:

1. Proper notice of the occurrence of the accident was not given defendant under the terms of the policy.

2. That the complainant was guilty of proximate contributory negligence.

3. That the alleged manner of occurrence of the accident was not such as was contemplated by the contract of insurance.

4. That the alleged truck claimed to have been responsible for complainant's injury does not meet the definition contained in the insurance policy of a "hit-and-run automobile."

5. That the alleged injury of complainant was not the consequence of physical contact with the unidentified truck.

6. That complainant failed to properly report the occurrence of the accident to the police, peace or judicial officer, or to the Commissioner of Motor Vehicles.

Thereafter, the case was tried by the Chancellor upon depositions, as a result of which the Chancellor dismissed the complainant's suit.

In his memorandum opinion, the Chancellor reasoned that the complainant's suit should be dismissed because the unidentified truck was not a "hit-and-run automobile" and that the unidentified truck did not come into physical contact with the insured or with the vehicle which he was occupying.

In his memorandum opinion, the Chancellor further held that the other issues, such as failure of the complainant to report the accident and contributory negigence, need not be considered and therefore, the Chancellor made no adjudication upon those issues.

However, in his memorandum opinion, the learned Chancellor reasoned that while the proof on the question of whether the owner and/or driver of the unidentified truck violated T.C.A. 59-928, by not equipping such truck with mudguards, mudflaps or rear fenders, was not clear and convincing, the circumstances were such that would justify the submission of the case to the jury

in an action at law against the driver and/or owner of the truck, but he further held that this question was not determinative of the issues before the trial Court.

In determining whether or not the unidentified truck was a "hit-and-run automobile" within the provisions of the policy, the Chancellor applied T.C.A. 59-1001, which is the Tennessee statute, commonly known as "the hit-and-run statute."

A petition to rehear was filed by the complainant and overruled by the Chancellor, as a result of which the complainant prayed and perfected an appeal from the decree dismissing his bill and the matter is now before us for determination.

Complainant has filed five assignments of error.

The trial Court's finding that the complainant failed to prove physical contact between the two vehicles and in further holding that complainant failed to prove that the hit-and-run provision of the uninsured motorists coverage to be applicable is made the basis of the first and second assignments.

No Tennessee case has been cited dealing with the question of whether the type of accident such as the one under consideration constitutes physical contact between two vehicles. Our independent research on the subject has also failed to reveal any such case in Tennessee.

Although there is authority to the contrary, we think the better reasoning on this question is contained in the case of Johnson v. State Farm Mutual Automobile Ins. Co., 70 Wash.2d 587, 424 P.2d 648 in which the Supreme Court of Washington held as follows:

"Had appellant intended the provision to apply only where there is actual and immediate, as opposed to indirect, physical contact between the hit-and-run vehicle and the vehicle of the insured, it should have so provided in unmistakably clear language. Language used in the policy was of appellant's choosing, and any ambiguities therein will be resolved against it. Wise v. Farden, 53 Wash.2d 162, 332 P.2d 454 (1958).

It is the established rule in this state that where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two different constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. * * * Selective Logging Co. v. General Casualty Co. of America, 49 Wash.2d 347, 351, 301 P.2d 535, 537 (1956).

There is 'physical contact,' though indirect, where one object hits a second, impelling it to strike a third object. The physical force of the first is transmitted through the intermediary to the last object.

Such an interpretation is consistent with the purposes of the uninsured motorist provision. A different interpretation would not be.

Such provisions are intended to protect the insured against losses occasioned under circumstances where recovery cannot be had against the party causing the injury. Those circumstances are:

(1) where the offending party is uninsured; and

(2) where the identity of the offending party cannot be ascertained.

Loss occurs, and for the same reasons, whether the contact between the hit-and-run automobile and the insured's vehicle be 'physical' or 'actual.' " Johnson v. State Farm Mutual Automobile Ins. Co. supra, p. 650.

Following the reasoning contained in Johnson v. State Farm Mutual Automobile Ins. Co., supra, we hold that when a wheel of one vehicle hurls an object, such as a stone, into and against another vehicle, this constitutes physical contact between the two vehicles within the meaning of the hit-and-run provision of the uninsured motorists coverage provided in the insurance policy under consideration here.

It is to be noted that the language used in the insurance policy defining a hit-and-run automobile in the policy provision in question in Johnson v. State Farm Mutual Automobile Ins. Co., supra, including the physical contact requirement, is the same as that used in the insurance policy under consideration in the case at bar.

We think the language used by the New York Court of Appeals in an opinion written by former Chief Judge Cardozo, in Surace v. Danna, 248 N.Y. 18, 161 N.E. 315, is particularly appropriate here:

"Few words are so plain that the context or the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity." Surace v. Danna, supra, p. 316 of 161 N.E.

In his third assignment, complainant insists that the Chancellor committed error in not finding as a fact that the identity of the driver and/or owner of the truck were

unascertainable, this being the essential element of a definition of a "hit-and-run automobile" as provided under the policy. We will discuss this assignment at another point in this opinion.

In his fourth and fifth assignments, the complainant insists that the Chancellor should have held, found and decreed as a fact that the injury sustained to complainant's eye was proximately caused by the negligence of the unknown driver and/or owner of the unidentified truck and should have awarded complainant a recovery under the policy of insurance.

■ The Chancellor held that in order for complainant to recover under the hit-and-run provision of the insurance policy, it was necessary for him to prove that the driver of the unidentified truck knew or should have known that the truck threw the rock which caused the injury, and in effect, held that it was necessary for the complainant to prove such elements of the penal statute as to show a violation thereof, which statute is T.C.A. Section 59-1001.

This ruling by the Chancellor is also assailed in assignments of error numbered one and two. We do not believe that the definition of a hit-and-run automobile, within the meaning of the insurance policy, is circumscribed by the Tennessee penal statute (T.C.A. 59-1001) and the judicial interpretations by which such statute has been applied.

On the other hand, the policy of insurance should encompass a much broader definition so as to provide the insured with the protection for which he contracted, without regard to such penal statute, which was obviously enacted for another purpose.

The driver of a truck which caused an accident such as the one under consideration here could hardly be expected to know that such an accident had occurred, unless someone overtook the truck and told the driver about it.

The fourth assignment of error assails the failure of the Chancellor to find as a fact that the injury sustained to complainant's right eye was caused by the accident as alleged in the bill, resulting from the negligence of the unknown driver and/or owner of the unidentified truck.

The Chancellor made no adjudication on this issue, because, in his opinion, it was not necessary to do so, since complainant's suit was dismissed for other reasons.

█ If this question had been reached by the Chancellor, we believe a determination thereon would have been made in favor of complainant. After carefully considering all the evidence, we have concluded that it preponderates in favor of complainants theory that the accident occurred and he lost the sight of his eye as a result of the injury caused by negligence of the unknown driver and/or owner of said unidentified truck.

In reaching this conclusion, we have given some weight to the following testimony of the complainant:

"Q. This truck that you were following—what type of truck did you say it was?

A. It was a dump type body—a large metal body.

Q. In other words, it wasn't a farm truck?

MR. MADDIN: Objection—leading

A. No, it was the type of truck that's used to haul gravel.

Q. Could you estimate the carrying capacity of this truck, Mr. Barfield?

A. The—

MR. MADDIN: Just a moment, Mr. Barfield. I object to the question—it calls for a conclusion on the part of the witness without any showing of proper foundation as to the capacity.

Q. Mr. Barfield, are you generally familiar with trucks?

MR. MADDIN: Objection leading.

Q. State whether or not you are familiar with trucks?

MR. MADDIN: Same objection.

A. Generally speaking, yes.

Q. Mr. Barfield, could you estimate the carrying capacity of this truck?

MR. MADDIN: Same objection, that is, as to the form of question as previously stated.

A. I would estimate that the bed of the truck was probably ten to twelve feet long and probably eight feet wide and three feet deep.

Q. Could you estimate the load capacity of that type truck?

MR. MADDIN: Same objection as previously stated.

A. Based on my knowledge of trucks in general, and the type material that this truck was designed to carry, I would say the capacity was four or five tons of gravel.

Q. What kind of material did the sides of the bed of the truck consist of, Mr. Barfield?

A. It was a metal bed.

Q. Can you describe the type wheels that this truck had—rear wheels?

A. The truck had two rear wheels on each side and they did not have wheel flaps as is normally used on dual wheel trucks.

MR. MADDIN: I object to the last portion of the answer as not being responsive.

Q. Mr. Barfield, relative to whether there was anything between these wheels and you, can you tell us how these wheels were. In other words, whether they were exposed or not exposed?

A. The wheels were completely exposed to my view from the rear of the truck.

Q. Were they equipped with any kind of fenders on the—

MR. MADDIN: Objection leading.

Q. State whether or not they were equipped with any type of fenders?

MR. MADDIN: Same objection.

MR. AGEE: Go ahead.

A. No, the truck was not equipped with any type fenders over the rear wheels.

Q. Did it have anything else hanging down over the wheels?

A. No, it did not." (Tr. pp. 69, 70, 71)

In his memorandum opinion the Chancellor stated that the foregoing evidence was not clear and convincing, but we have concluded that since it is not contradicted in any manner whatever, it is sufficient for us to find therefrom that the owner and/or operator of the unidentified truck was violating T.C.A. Section 59-928 by failing to equip said truck with mudguards, mudflaps or rear fenders of a sufficient size to substantially prevent the projection of rocks, dirt, water or other substances to the rear.

Such violation of the statute constituted negligence per se and, in the absence of contradictory evidence, or evidence to show proximate contributory negligence on the part of complainant, he would have been entitled to recover from the owner and/or operator of such unidentified truck the damages for his injury, provided, of course, the owner and/or operator thereof could have been identified.

Complainant's suit was dismissed by the trial Court for two reasons:

First, because the Chancellor concluded that the complainant had failed to prove that the unidentified truck was a hit-and-run automobile within the meaning of the uninsured motorists coverage of the insurance policy, and second, because the complainant failed to prove that the injury arose out of physical contact between the two vehicles, that is, the unidentified truck and the automobile in which complainant was riding.

We do not agree with these two conclusions of the trial Court for reasons which we have heretofore discussed and set forth in this opinion.

Under the state of facts revealed in the record, it appears that the identity of the driver and/or owner of the truck were not ascertainable, however, the Chancellor made no adjudication on this question and his failure to find as a 'fact that the identity of such driver and/or owner were not ascertainable is made the basis of complainant's third assignment of error.

Whether such driver and/or owner might have been ascertained and identified if the complainant had complied with the twenty-four hour notice provision of his policy will remain an unanswered question.

The final question which is raised by the fourth and fifth assignments of error is addressed to the action of the Chancellor in failing to find as a fact that the injury sustained by complainant was caused by negligence of the unknown driver and/or owner of the truck, thus insisting that the Chancellor erroneously dismissed the bill.

This brings us to a consideration of certain conditions of the insurance policy which the insured would be required to meet before recovery could be awarded to him under the "hit-and-run" provisions of the policy.

Under the "hit-and-run" provisions of the policy in question here, a motor vehicle involved in a "hit-and-run" accident, where the identity of either the owner or operator of the "hit-and-run" vehicle cannot be ascertained, the uninsured motorists coverage of the policy is applicable, provided the insured meets four requirements, namely:

(1). Bodily injury arises out of physical contact of the unidentified vehicle with the insured or with an auto-

mobile which the insured is occupying at the time of the accident.

(2). The insured, or someone else must have reported the accident within twenty-four hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles.

(3). The insured must have filed a statement under oath with the company within thirty days of the accident that the insured has a cause of action against a person or persons whose identity is unascertainable.

(4). If required by the insuror, the insured must permit the inspection of the automobile which he was occupying at the time of the accident.

Compliance with all of the foregoing requirements constitute conditions precedent to recovery under the terms of the policy.

Although the notice which complainant gave to the defendant about eleven days after the accident did not strictly comply with the terms of the policy, counsel for the defendant has stated in argument upon this appeal that his client does not now rely upon its original insistence of non-compliance with this particular notice provision, that is, the thirty day notice.

We are of the opinion that in the instant case, all of the above requirements have been met by the complainant, with the exception, however, of the second, and that because of complainant's failure to meet this requirement, which is a condition precedent, he cannot recover and the trial Court's decree must be affirmed.

The only evidence in the record upon which complainant relies to prove compliance with such twenty-four

hour notice provision is the following testimony of the ambulance driver, Jackie Partlow:

"Q. Now, does the Funeral Home there have a set procedure when you receive these type of calls?

A. Yeah, if we're not called by the Police Department or the THP—Tennessee Highway Patrol—we, in turn, call one of these two persons—

MR. MADDIN: Now, we will have to object to the procedure that the Company, for which this witness was working, happens to have.

MR. AGEE: Go ahead, Mr. Partlow.

A. —we call the Police or the Highway Patrol and tell them that there's been a wreck, 1046, at a certain location. If they call us, then we do not call them." (Tr. pp. 37, 38)

Obviously, the foregoing is not evidence of notice. Objection was made to such evidence by counsel for defendant, which objection should have been sustained.

It does not appear from the evidence that the complainant was, himself, unable to give such notice. On the other hand, it affirmatively appears that he called Doctor G. Allen Lawrence on the very day of the accident at about 8:00 P.M., made an appointment with him and consulted him on that very evening.

This being true, he could have certainly complied with the twenty-hour notice provision of the policy by calling the Sheriff of the county where the accident occurred or some officer of the Highway Patrol stationed in the vicinity.

Although, we do not relish the duty of denying recovery to an injured person because of his failure to comply with such provision for notice, we have no alternative under the facts of this case and the law applicable thereto.

Our Supreme Court has held that where the giving of such notice is made a condition precedent to liability of the insured, failure to do so defeats the right to recover under the policy. In Phoenix Cotton Oil Co. v. Royal Indemnity Company, 140 Tenn. 438, 205 S.W. 128 (1918) it was alleged in the bill that the defendant executed to the complainant an indemnity policy, whereby the former agreed to pay the latter the sum of $5,000.00 and costs of litigation, in case any employee of the latter should be injured in course of his employment, but made it a condition precedent of such liability that the former should "upon the occurrence of any accident covered by this policy give immediate written notice thereof to the company."

It was further made to appear in the bill that complainant failed to give such notice and this failure of notice was made the grounds of a demurrer.

The trial Court overruled the demurrer, but granted the defendant a discretionary appeal. The Supreme Court reversed the trial Court and said:

"We think the learned chancellor was in error. The failure to give the required notice defeated the policy. By its express terms the giving of immediate notice was made a condition precedent to the right of recovery. The case falls directly within the authority of Blackman v. United States Casualty Co., 117 Tenn. 578, 103 S.W. 784."

*    *    *    *    *    *

"The case of Blackman v. United States Casualty Co. is, we believe, sound in reason, and it is in full accord with the great weight of authority in other jurisdictions. In addition to the authorities cited in that opinion we may add the following: Caldwell v. Virginia Fire & Marine Insurance Co., 124 Tenn. 593, 594, 139 S.W. 698; Smith & Dove Manufacturing Co. v. Travelers' Ins. Co., 171 Mass. 357, 50 N.E. 516; Rooney v. Maryland Casualty Co., 184 Mass. 26, 67 N.E. 882; Hatch v. United States Casualty Co., 197 Mass. 101, 83 N.E. 398, 15 L.R.A., N.S., 503, 125 Am.St.Rep. 332, 14 Ann. Cas. 290; McCord v. Masonic Casualty Co., 201 Mass. 473, 88 N.E. 6; National Paper Box Co. v. Aetna Life Insurance Co., 170 Mo.App. 361, 156 S.W. 740, Travelers' Ins. Co. v. Myers, 62 Ohio St. 529, 57 N.E. 458, 49 L.R.A. 760; Underwood Veneer Co. v. London Guarantee & Accident Co., 100 Wis. 378, 75 N.W. 996; Deer Trail Consol. Mining Co. v. Maryland Casualty Co., 36 Wash. 46, 78 P. 135, 67 L.R.A. 275.

The complainant insists that, inasmuch as there was no technical forfeiture provided for in the policy, relief should not be denied it. The refusal to grant relief for failure to comply with a condition precedent does not depend on a right of forfeiture, although sometimes inaccurate expressions occur in opinions of the courts that seem to blend the two principles. See National Paper Box Co. v. Aetna Life Insurance Co., supra, 170 Mo.App. 361, 156 S.W. 740, quoting a passage from Cooley's Briefs on the Law of Insurance.

It is true that in the policy under examination in Blackman v. United States Casualty Co., supra, there was an express provision for forfeiture on failure to

comply with the condition precedent, and this was commented on, and made a point in the decision; but it is not essential that there should be any provision for forfeiture in order to give effect to a condition precedent.'' Phoenix Cotton Oil Co. v. Royal Indemnity Co., supra, pp. 140 Tenn. 442, 443, 444, 205 S.W. pp. 129, 130.

This rule has been reaffirmed by this Court in Jamison v. New Amsterdam Cas. Co., 36 Tenn.App. 267, 254 S.W.2d 353 (1953), and in Foreman v. Union Indemnity Company, 12 Tenn.App. 89 (1928).

The short period of time (twenty-four hours) is sufficient to emphasize the well known fact that immediate investigative action is an important element in apprehending and identifying persons and vehicles involved in ''hit-and-run'' accidents.

Immediate investigation by law enforcement agencies in such accidents is of vital importance to the insurer under the uninsured motorists provisions of a policy and therefore, sound reason exists for denying recovery because of the insured's failure to comply with such twenty-four hour notice provision.

■ For the reasons which we have heretofore stated, all of the assignments of error are good, with the exception of the latter portion of the fifth assignment, wherein complainant insists that it was error for the Chancellor to dismiss his suit, but we cannot reverse the Chancellor's decree, because a correct result was reached and it has been held that where the trial Court reaches a correct result, but upon an erroneous reason, the Appellate Court will sustain the decree upon what it conceives to be the correct theory. Cannon Mills, Inc.

v. Spivey et al., 208 Tenn. 419, 346 S.W.2d 266 (1961); Sheafer v. Mitchell, 109 Tenn. 181, 71 S.W. 86 (1902); Shutt v. Blount, 194 Tenn. 1, 249 S.W.2d 904 (1952).

Since we hold that the trial Court reached the correct result, the decree of that Court is affirmed. The complainant-appellant will pay all of the costs of this appeal.

Shriver, P.J.(M.S.), and Todd, J., concur.

### Opinion on Petition to Rehear

PURYEAR, J.

A petition to rehear has been filed by the complainant-appellant, but the matters set forth and argued therein were all considered by us in reaching the conclusions set forth in our original opinion.

Since the petition presents no new matters for consideration, but is simply a reargument of matters which have already been considered by the Court, such petition is respectfully denied.

Shriver, P.J.(M.S.), and Todd, J., concur.